DONALD M. ENGLE ET AL. *v.* CITY OF INDIANAPOLIS.

[No. 571A96. Filed March 15, 1972. Rehearing denied April 18, 1972. Transfer denied September 15, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellants.

*Raymond F. Fairchild,* of Indianapolis, for appellee.

LOWDERMILK, J.—This is an action commenced in the trial court by the filing of a Remonstrance Against Annexation on December 24, 1959, which remonstrance alleges that a majority of the owners of the land in certain territories described in the city's special ordinance, passed by the Common Council of the City of Indianapolis, deem themselves aggrieved and injuriously affected by the annexation proposed and attempted in said special ordinance and remonstrate against such annexation, and for their cause of action alleged:

1. On November 16, 1959, the Common Council of the City of Indianapolis by majority vote passed Special Ordinance No. 25, purporting to annex the real estate here in question.

2. That on November 17, 1959, said Special Ordinance was signed by the Mayor of the City of Indianapolis and was thereafter published on the 19th and 26th days of November, 1959, in two newspapers of general circulation published in the City of Indianapolis, naming them.

3. The undersigned are a majority of the owners of the land in said territory described in said Special Ordinance No. 25.

4. That the undersigned are the owners of more that 75% in assessed valuation of the real estate in said territory described in said Special Ordinance No. 25.

5. This allegation alleged the annexation ought not in justice take place for the six statutory reasons specified by Ind. Stat. Ann. § 48-702 (Burns 1963 Replacement), together with five additional reasons by which the remonstrators alleged the annexation is not necessary.

Special Ordinance No. 25, 1959, ordained that certain contiguous territory of the City of Indianapolis be annexed and placed said ordinance in full force and effect after its passage, approval by the Mayor, and publication.

The City of Indianapolis alleged, by Defendant's Answer to Remonstrance Against Annexation and Motion to Determine Remonstrance Insufficient, that said remonstrance was insufficient; a part of the latter being "The reason said remonstrators are estopped and denied this right is that the owners of the land affected have heretofore agreed in exchange for sewer services that they would not contest any annexation proceeding and they have bound their successors."

Section 7 of Chapter 160 of the Acts of 1953, provides:

"Sec. 7. Sewer Service Agreement. Every person owning or occupying real estate outside the limits of the Sanitary District shall be required to enter into a sewer service agreement for the privilege of connecting to the sewer system of said Sanitary District. Such agreement may imposes such conditions for said privilege as the Board of

Sanitary Commissioners may determine. The agreement shall also provide in the case of persons not subject to the rates and charges under Sec. 3 of this Act the amount of service charge to be paid for such privilege, which amount shall be fixed by the Board of Sanitary Commissioners in their discretion and without a hearing. All such sewer service agreements shall be recorded in the office of the Recorder of the county where the real estate is located and such agreements executed by the owner of said real estate shall run with the real estate therein described and such agreements shall be binding upon the persons owning or occupying such real estate, their personal representatives, heirs, devisees, grantees, successors, and assigns so long as the real estate shall be connected to the sewerage system. The agreements shall contain a provision that the persons owning or occupying such real estate agree for themselves, their executors, administrators, heirs, devisees, grantees, successors and assigns that they will make no objection to nor file a remonstrance against any proposed annexation of said real estate by any city or town within the boundaries of the Sanitary District, or take an appeal from any order or judgment annexing said real estate to any such city or town, or file any complaint or action against such annexation proceedings: Provided, that any such sewer service agreements heretofore made shall not be affected by this Act, nor shall this Act be construed in any way to impair the obligation of any contract, or sewer service agreement heretofore made or in force."

In defendant's Motion to Determine Remonstrance Insufficient, it further says:

"Accordingly, said remonstrators have the provisions of the law of the State of Indiana written into their sewer agreement and they have waived their right to remonstrate and are estopped from doing so. The statute with reference to annexation proceedings, Section 41-703, [sic—(48-702)] generally provides that the Court shall make a prompt determination of all remonstrances but provides that upon receipt the Judge will determine whether it bears the necessary signatures and complies with statutory requirements, and plainly and obviously the annexation remonstrance fails to comply with statutory requirements in this instance, and the Court should make a determination upon a hearing of the failure to comply with the statute and of the insufficiency of the remonstrance."

The parties made and entered into a stipulation on August 25, 1970, concerning the determination by the court of the sufficiency of the remonstrance.

On November 10, 1970, the court entered its findings and judgment, which showed submission on the arguments of counsel on the legal sufficiency of the remonstrance, it being stipulated by the parties by their counsel that:

1. The predecessors in title of more than a majority of the owners of land in the territory described in the annexation ordinance had, prior to the enactment of said annexation ordinance, signed sewer service agreements with the Board of Sanitary Commissioners of the Sanitary District of Indianapolis, pursuant to the provisions of the Acts of 1953, Ch. 160, Sec. 7, which sewer agreements contained provision that neither they nor their heirs, devisees, grantees, successors and assigns will make objection to or file a remonstrance against any proposed annexation of said real estate by any city within the boundaries of the Sanitary District.

2. That more than a majority of the owners of land in the territory described in the annexation ordinance, the subject matter of this cause, have signed and filed their remonstrance to said annexation within the time provided.

3. That the only issue submitted to the trial court in respect of the sufficiency of the remonstrance is the legal effect to said sewer service agreements, with the City of Indianapolis contending that the legal effect thereof prevents this court from holding said remonstrance sufficient, and the remonstrators contending that the said provision against remonstrance is not a valid waiver of the right to remonstrate in this proceeding by the present owners of land in the territory, although their predecessors in title signed said sewer service agreements, because:

A. The right to remonstrate was not in existence at the time of said purported waiver was signed by the predecessors in title;

B. The owner of land may not validly waive his right to remonstrate against future annexations unless expressly authorized to do so by statute, and said statute which contains the mandatory requirement of representation by the land owner that no objection or remonstrance will be filed against 'any proposed annexation' as a condition precedent to connecting to the sewerage system of the Sanitary District, is void, being in violation of Article 1, Sec. 23 of the Constitution of Indiana, providing an unreasonable and arbitrary classification and therefore unequal privileges, there being no natural and substantial relationship between the waiver of the right to remonstrate against civil annexation and the purpose of said statute in respect to the maintenance and management of the Sanitary District;

C. The statute, even if valid, did not provide nor did the agreements contain specific waiver against 'future' annexations.

The court found for the City of Indianapolis and against the remonstrators, that the remonstrance filed herein cannot be held sufficient because of the sewer service agreements aforesaid, and the remonstrators herein, by their said waiver signed by their predecessors in title, have waived their right to remonstrate against the annexation subsequently enacted which is the subject matter of this cause.

The court, then, on its findings of fact entered its judgment that Special Ordinance No. 25, 1959, of the City of Indianapolis, annexing territory to the said City of Indianapolis, shall forthwith take place and be in effect notwithstanding the remonstrance filed herein; that the effective date of said annexation is and shall be the date of the judgment.

The court further ordered the Clerk of the Circuit Court of Marion County to deliver forthwith a copy of the judgment to the Clerk of the City of Indianapolis, who shall record same

in the Ordinance Record and make a proper cross reference to the page thereof upon the margin where such original ordinance was recorded.

Thereafter, the remonstrators timely filed their motion to correct errors.

The motion to correct errors sets forth three specific grounds on which remonstrators rely for reversal.

Specification 1 was that the court erred in finding the remonstrance in this cause cannot be held sufficient because of sewer service agreements signed by the predecessors in title of more than a majority of the owners of land in the territory described in the annexation ordinance which is the subject of the cause; the fact that such sewer service agreements had been so signed was stipulated by the parties together with a stipulation that more than a majority of the owners of the land in the territory described in the Ordinance filed their remonstrance to said annexation within the provided time and the court's holding was in error because:

A. The right to remonstrate was not in existence at the time of said purported waiver was signed by the predecessors in title, and therefore could not be so waived as to the remonstrators;

B. The predecessors in title to the remonstrators may not validly waive their right to remonstrate against future annexations unless expressly authorized so to do by statute. Here the remonstrators charge Acts of 1953, Ch. 160, Sec. 7, which contains the mandatory requirement of representation by the land owner that no objection or remonstrance will be filed against "any proposed annexation" as a condition precedent to connecting to the sewerage system of the Sanitary District, in void, being in violation of Article 1, Sec. 23 of the Constitution of Indiana, providing an unreasonable and arbitrary classification and therefore unequal privileges, there being no natural and substantial relationship between the waiver of the right to remonstrate against civil annexation

and the purpose of said statute in respect to the maintenance and management of the Sanitary District.

C. Said statute referred to in B herein, even if valid, did not provide nor did the agreements contain, specific waiver against "future" annexations.

2. This is a reiteration of rhetorial paragraph 1 of the motion to correct errors, *supra,* including the sub-paragraphs, and charged error on the part of the court in finding the remonstrators, by said waiver signed by their predecessors in title, have waived their right to remonstrate against the annexation ordinance, which was subsequently enacted and which is the subject matter of this litigation.

3. This is a reiteration of paragraphs 1 and 2 of the motion to correct errors with the additional charge of error that the statute requires that upon the filing of a remonstrance by a majority of the owners of land in the territory described in the annexation ordinance, within the time provided, a hearing will be held to determine the appeal, and the annexation will not take place unless the evidence received upon such hearing establishes the primary determinates set forth therein, (citing Acts of the Indiana General Assembly). The remonstrators further charge that the court could not lawfully hold the ordinance in effect without a hearing and determination that the evidence had established the said primary determinates provided by said statute; that the remonstrance should be held sufficient and this cause should be set for hearing, as no such hearing and no such determination has been made by the court as to the establishment of the primary determinates.

The motion to correct errors was overruled February 26, 1971 and this appeal timely follows.

Remonstrators contend that the statutory requirements as to a remonstrance from and concerning an annexation ordinance had been met and satisfied by the remonstrators-appellants in the trial court in that more than a majority of the owners of land in the territory described in the annexa-

tion ordinance had timely filed their remonstrance; the said remonstrance was sufficient and the remonstrators-appellants were entitled to have a hearing on the merits.

Remonstrators now argue that the questions involved and presented in this appeal are related to the effect or lack of legal effect of a sewer service agreement, executed by the predecessors in title of more than a majority of the owners of land in the territory described in the annexation ordinance (Special Ordinance No. 25, 1959, of the City of Indianapolis), which contained a provision that:

> "* * * if at any time in the future, a petition shall be filed with the proper authority requesting the annexation of said above described real estate either separately or in conjunction with other real estate, Owner (Southern Estates, Inc., Remonstrators' predecessor in title) promises and agrees, itself, and its successors and assigns, that it will make no objections to such annexation, file no remonstrance against the same, nor will it take an appeal from any order or judgment, or file any complaint of action against such annexation proceedings by the City of Indianapolis. * * *"

Remonstrators next set out a portion of the judgment entry in their argument section of their brief relating to Acts of 1953, Ch. 160, Sec. 7, as we have heretofore related and follow this with a verbatim copy of said section of the statute which is found in Ind. Stat. Ann. § 48-4272 (Burns 1963 Replacement), which includes the supplement of 1961, Acts Ch. 178, Sec. 1. Remonstrators show that the amendment changed "shall" in the third line, *supra*, to "may" and inserted an exception in the 23rd line "other than incorporated cities and towns." This amendment of the statute, in our opinion, is immaterial to the issues in the case at bar as the parties herein were bound by the execution of the agreement with the Board of Sanitary Commissioners of the Sanitary District of Indianapolis by their predecessors in title under the 1953 Acts, and the 1961 amendment would therefore be ineffective and immaterial to the issues in this cause.

The remonstrators next argue from their motion to correct errors that the trial court erred in finding and holding that:

1. The remonstrance cannot be held sufficient because of the sewer service agreements.

2. The remonstrators herein, by the waiver signed by their predecessors in title in said sewer service agreement, have waived their right to remonstrate against the annexation ordiance subsequently enacted.

3. Special Ordinance No. 25, 1959, of the City of Indianapolis, annexing territory to the said City of Indianapolis, shall forthwith take place and be in effect notwithstanding the remonstrance filed herein.

Remonstrators urged that it is important to this court that there was no hearing or trial held on the merits of the annexation and that the judgment putting the annexation ordinance into effect was entered on a finding and determination that the remostrance was not sufficient.

Remonstrators contend there was no issue of fact as to the number of remonstrators nor as to the ownership of land in the territory described in the annexation ordinance; that the parties stipulated that *"more than a majority* of the *owners of land* in the territory described in the annexation ordinance which is the subject matter of this cause *have* signed and filed their remonstrance to said annexation, *within the time provided."*

With this contention this court cannot agree. While it is true that under Ind. Stat. Ann. § 48-702 (Burns 1963) the evidence to be considered by the trial court shall demonstrate the presence of six certain conditions which shall be considered the primary determinants of the annexation merits, the statute further provides that if the court shall find the six primary determinants enumerated apply to the annexation it shall take place notwithstanding the remonstrance and notwithstanding further the provision of any statute of this state. And further determines that if

the presence of those primary determinants cannot be demonstrated in the evidence the annexation shall not take place.

Said statute further provides, in part, that the written remonstrance or complaint shall state the reason why such annexation ought not in justice to take place.

Upon receipt of such remonstrance the court, or judge thereof in vacation, shall determine whether it bears the necessary signatures and complies with the requirements of this section.

The trial judge, within the time allowed for hearing after the remonstrance was filed, heard arguments of counsel on the legal sufficiency of the remonstrance and it was then stipulated by the parties, by their counsel, as hereinabove set out, the number of remonstrators signing the remonstrance.

Remonstrators now contend there was no issue of fact as to the number of remonstrators or as to ownership of the land in the territory described in the annexation ordinance for the reason that the parties stipulated that:

"* * * *more than a majority* of the *owners of land* in the territory described in the annexation ordinance which is the subject matter of this cause *have* signed and filed their remonstrance to said annexation, *within the time provided.*"

With this contention of remonstrators-appellants we cannot agree, for the reason that more than a majority of the predecessors in title, owners of the land in the territory described in the annexation ordinance, have heretofore, as shown in the stipulation of the parties, signed the sewer service agreement.

As this court and our Supreme Court have many times said, the law does not require the doing of a useless thing. Therefore, it was unnecessary for the trial court to conduct a hearing on the merits of the remonstrance to determine if the six specifications for annexation have been complied with.

Remonstrators-appellants based their case on the holding in the case of *Doan* v. *City of Fort Wayne* (1969), 144 Ind. 517, 252 N. E. 2d 415, 19 Ind. Dec. 255, and cite from that opinion:

> "Moreover, we are compelled by our examination of *this* section (Sec. 48-702, *supra*) to conclude that an owner of land may not validly waiver his right to remonstrate against *future* annexations, unless expressly authorized to do so by statute.
> * * *
> "We will not inquire into nor speculate as to the reasons the legislature found to incorporate such a provision of waiver into the law relating to sewer construction. Suffice it to say that no such waiver provision exist[s] in the statute under which this controversy arose, (Sec. 48-702, *supra*) and we will not judicially legislate one. The rule of *expressio unius est exclusio alterius* (Expression of one thing is the exclusion of another) should prevail."

Remonstrators-appellants contend that the *Doan* case, *supra,* has determined and settled the law in Indiana and that the provisions as to the right to remonstrate set forth in the said statute have thus already been construed by the Supreme Court of Indiana to exclude other restrictive conditions.

Remonstrators further call our attention to Ind. Stat. Ann. § 48-3963 (Burns 1963) which is cited and set forth in the *Doan* case, *supra,* and state it "is *not* the same statute as that under which the sewer service agreement was executed by Remonstrators-Appellants' predecessor in title, which later statute is set out hereinabove . . ." They next ask us to compare the critical language of the two Acts:

Sec. 48-3963, Acts 1967, ch. 128, Sec. 16:

> "* * * The contract shall include as part of consideration running to the city or town, the release of the right of the owners party thereto and their successors in title to remonstrate against pending *or future* annexations to the city or town of the area served by the sewers . . ."

Acts 1953, Ch. 160, Sec. 7:

"* * * The agreements shall contain a provision that the persons owning or occupying such real estate agree for themselves, their . . . successors and assigns that they will make no objection to nor file a remonstrance against any proposed annexation of said real estate by any city or town within the boundaries of the Sanitary District . . ."

Remonstrators-appellants further attempt to distinguish between the case at bar and the *Doan* case by arguing that the Supreme Court of Indiana did have a specific provision for waiver of the right to remonstrate against future annexations. The statute under which the sewer service agreement was executed which was the basis for the ruling by the trial court in the case at bar does *not* have any provision in respect to *future* annexations. Remonstrators-appellants further contend:

"Even though the specific sewer service agreement in this case . . . does contain a reference to 'future', such reference does *not* apply nor contravene Appellants' argument herein because:

"A. The reference is to future *petitions requesting annexations* and subsequent proceedings on *such petitions*—in the case at bar we are not dealing with the action upon or remonstrance to petitions for annexation—it was outright annexation attempted by the City of Indianapolis.

"B. The only authority for the sewer service agreement was the Acts of 1953, ch. 160, Sec. 7, and it did *not* provide for waiver as to *future* annexations—there was no more statutory authority for such a provision in the sewer service agreement in this case than there was in the Doan case, *supra*. As stated by the Supreme Court of Indiana, the waiver of the right to remonstrate must be *'expressly authorized* * * * *by statute.'* Even if the provision as to future petitions be construed as a reference to future annexations *not* by petition, the provision has no legal effect since it is not expressly authorized by statute."

Remonstrators-appellants further contend that the right to remonstrate was not in existence at the time the purported agreement between the predecessors in title and the Board of

Sanitary Commissioners was executed; the right to remonstrate does not vest before a territory is sought to be annexed; and it is impossible for the landowner to know he is aggrieved or injuriously affected unless he knows when and under what circumstances prospective annexation was to take place; that the right to remonstrate may be waived but it is imperative that it be in existence at the time of the waiver and remonstrators-appellants further contend that such was not in existence at the time said sewer service agreement was executed in the case at bar and nothing therein could be construed as a waiver of the right to remonstrate by remonstrators-appellants. They further contend the trial court erred in determining the remonstrance in the case at bar was insufficient because the sewer service agreement signed by the predecessors in title of remonstrators-appellants erred in determining remonstrators-appellants by said waiver did waive their right to remonstrate herein and further erred in holding by reason thereof that Special Ordinance No. 25, 1959, is in effect, notwithstanding the remonstrance filed herein by the remonstrators-appellants and without a hearing and determination of the said primary determinants, and cites *Doan* v. *City of Fort Wayne, supra.*

Remonstrators-appellants further submit that even though the Acts of 1953, Ch. 160, Sec. 7 be construed to provide (even though it does not expressly so authorize) for a waiver of the right to remonstrate against future annexations that there is yet no valid waiver of such right in this case because under such construction of the statute it is unconstitutional, being in violation of Article 1, Sec. 23 of the Constitution of Indiana.

Appellee, City of Indianapolis, in answer to the contention that there was no hearing on "primary determinants" of the annexation in the case at bar and that the remonstrators totally disregard the statutory requirement of Acts 1953, Ch. 160, Sec. 7, and point out that the language of said Act not only permits a municipality to include a waiver of the right

to remonstrate in contracts for the use of sewage facilities, but the section mandates the city to include such a provision for waiver.

Further, it is manifested that the General Assembly of Indiana intended to have the Acts of 1953, Ch. 160, Sec. 7 constitute a part of the statutory procedure of annexation as the Act relates to sewer service agreements by the re-enactment of said section in Acts 1961, Ch. 178, Sec. 1, which is the current expression of the legislative intent on the subject.

We further agree with the appellee city that where the Legislature has provided both the privilege to remonstrate and the means to do so (§ 48-702), but has also expressly provided that this privilege does not exist when a predecessor in title has entered into a sewer service agreement pursuant to Acts 1953, Ch. 160, Sec. 7, there can be no question but that such an agreement is valid and binding and prevents every successor in title from remonstrating against annexation of his property, so owned by the successor in title. It is not questioned that the Legislature may set a number of landowners needed to remonstrate before the "primary determinants" can even be considered, and it may logically, by means of Acts 1953, Ch. 160, Sec. 7, determine what signatures are qualified to be considered in determining the majority of signatures. For us to hold such agreements invalid would be for us to completely disregard the Legislature's exclusive power to declare the terms and procedures for both annexation and for an individual landowner's privilege to object thereto. *Pittsburgh, C. C. & St. L. Ry. Co.* v. *City of Anderson* (1911), 176 Ind. 16, 95 N. E. 363; *Woolverton* v. *Town of Albany* (1899), 152 Ind. 77, 52 N. E. 455.

We agree with appellee city's contention that the landowner who has been bound by a sewer service agreement executed by a predecessor in title pursuant to said Acts of 1953, Ch. 160, Sec. 7, but who, nevertheless, signs a remonstrance must be treated generically the same as if he

were to withdraw his name before consideration of the "primary determinants", as occurred in *Petercheff* v. *City of Indianapolis* (1961), 242 Ind. 490, 178 N. E. 2d 746.

In the *Petercheff* case, *supra,* appellants filed a remonstrance against annexation by the appellee, City of Indianapolis. Appellee city filed answer to the remonstrance denying, among other things, that the required number of persons had signed the remonstrance.

The Marion County Auditor, in *Petercheff, supra,* certified to the court there were 1,614 persons owning real estate in the area concerned and that the number of valid remonstrators who had signed the remonstrance was 854 in said area. (It should be noted that the number of remonstrators at this time was the necessary majority required under the statute.)

Appellee subsequently filed its motion to withdraw the names of 50 remonstrators who had purportedly indicated in the exhibits accompanying the motion their request to be removed from the number of said remonstrators. After this the trial court denied the motion to withdraw remonstrators and held the remonstrance sufficient and ordered the cause set for trial. Appellee filed motion to reconsider the court's action in denying the withdrawal of certain remonstrators and in holding the remonstrance valid.

Thereafter, on June 30, 1960, the trial court set aside its previous ruling and entered judgment allowing the withdrawal of certain remonstrators and holding appellants' remonstrance as then constituted insufficient and dismissed appellants' remonstrance and cause of action. Appeal to this court then followed.

Our Supreme Court held in that case that a remonstrator had the right to withdraw his name before the tribunal created by law to receive and consider said petition had acted thereon.

The court further said, in *Petercheff*:

"In the case before us it is clear that no action is taken by the court under Burns' § 48-702 (1961 Cum. Supp.),

*supra,* which could be construed as a finding until the court makes a determination as to the sufficiency of the remonstrance. Here it is unquestioned that prior to the making of any such determination appellee had filed motion to withdraw said names with accompanying exhibits of said signatories requesting said withdrawal.

"We must conclude that the withdrawal was therefore timely made and that the lower court's ruling upon reconsidering the matter that the remonstrance was insufficient and should be dismissed, was proper. Appellant has cited Chapter 186 of the Acts of 1961 concerning school corporations, passed subsequent to the proceedings in the lower court, and forbidding withdrawals from remonstrances thereunder as having some possible bearing on this appeal. Whatever possible application this statute might have to some annexation proceedings arising in the future, it is not retroactive and therefore is not involved in this case."

Applying the law of *Petercheff* to the case at bar we must hold that no action was taken by the trial court under § 48-702 which could be construed as a finding until the court makes a decision as to the sufficiency of the remonstrance.

The trial court did make a finding as to the sufficiency of the remonstrance when he held that the remonstrators-landowners who had signed as such remonstrators and had received their title to their lands from a predecessor in title who had executed a sewer service agreement were not proper parties and had no interest and were not entitled to remonstrate.

The remonstrators-appellants' argument that Burns § 48-3963 as set out in the *Doan* case, *supra,* is *not* the same statute as that under which the sewer service agreement was executed by the remonstrators-appellants' predecessor in title compares parts of the two statutes to one another, as heretofore set out in this opinion, and argues that even though the specific sewer service agreement in the case at bar does contain a

reference to "future", such reference does *not* apply nor contravene appellants' argument as hereinabove set out.

In *Petercheff* the court discussed acts concerning school corporations, passed subsequent to the proceedings in the lower court, and forbidding withdrawals from remonstrances thereunder as having some possible bearing on this appeal. It then further stated: "Whatever possible application this statute might have to some annexation proceedings arising in the future, it is not retroactive and therefore is not involved in this case."

Therefore, this court is of the opinion that whatever possible application the 1961 amendment to the statute of Acts of 1953, Ch. 160, Sec. 7 might have to some annexation proceedings arising in the future, is not retroactive and therefore is not involved in this case.

The landowners predecessors in title to the area in question having voluntarily signed the sewer service agreement thereby binding themselves and all such persons owning or occupying the real estate, their heirs, devisees, grantees, successors or assigns thereby bound the landowner who executed the agreement, together with all his successors in interest. The statute, Burns § 48-4272, provides, in part:

"* * * All such sewer service agreement shall be recorded in the office of the recorder of the county where the real state is located and such agreements executed by the owner of said real estate shall run with the real estate therein described and such agreements shall be binding upon the persons owning or occupying such real estate, their personal representatives, heirs, devisees, grantees, successors and assigns. Each recorded sewer service agreemnt which provides for the real estate being served to be placed on the tax rolls, shall be certified by the commissioner to the auditor of the county wherein such real estate shall be located. Such certification shall state the date the real estate is to be placed on the tax rolls, and upon receipt of such certification together with a copy of the agreement, the auditor shall immediately place the real estate so certi-

fied upon the rolls of real estate subject to the levy and collection of taxes for such district. * * *"

I.L.E., Vol. 24, *Records* § 3, p. 536-537, states the following:

"Our statutes provide that certain instruments affecting property as, for example, mortgages, and conveyances of land or any interest therein, and leases for more than three years, must be recorded if they are to be effective against subsequent bona fide purchasers, lessees, etc. The purpose of such statute is to give notice of the transaction evidenced by the recorded instrument to persons subsequently dealing with the property affected.

"* * *

"An instrument which is not within the provisions of the statutes which govern what instruments may be recorded is not entitled to be placed of record and, if it is placed of record, it does not operate as constructive notice. * * *"

Remonstrators argue that the wording of the statute relating to sewer facilities in the *Doan* case, *supra,* provides for waiver of the right to remonstrate against future annexations. The wording of the statute in the case at bar does provide for *any* prior waiver with respect to future annexations. Remonstrators' argument is against the established rules of construction of legislative intent.

The cardinal rule in the interpretation of a statute is to ascertain and give effect to the general intent of the act if that can be discovered. *State* v. *Mears* (1925), 231 Ind. 257, 12 N. E. 2d 343.

It is also a well established principle of construction that all of the language used in the statute will have been deemed to have been intentionally used to effect the meaning of the act. *Olszewski* v. *Stodola* (1948), 226 Ind. 639, 82 N. E. 2d 256; *Doughty* v. *State Dept. of Public Welfare* (1953), 233 Ind. 213, 117 N. E. 2d 651; *Combs* v. *Cook* (1958), 238 Ind. 392, 151 N. E. 2d 144.

Appellee city points out in its brief that the difference in language which remonstrators point out as between "any

proposed annexation" (Acts 1953, Ch. 160, Sec. 7) and "pending or future annexations" (§ 48-3963), and contends that it is, therefore, important to consider the general rule of statutory construction used in determining the meaning of the word "any" and how this construction applies to the phrase *"any* proposed annexation."

In making this distinction appellee city cites *Chicago & Calumet Dist. Transit Co.* v. *Mueller* (1938), 213 Ind. 530, 12 N. E. 2d 247, wherein the Supreme Court said:

> "When used in a statute, the word 'any' should be so construed as to make its meaning comport with the *general scheme of the statute in which it is used."* (Emphasis added.)

The phrase *"any* proposed annexation" is to be construed with the provision requiring recording of the agreement to bind all subsequent owners in title and therefore the above rules of construction will determine that the word "any" means "every" proposed annexation, whether occurring now or in the future. The "scheme" of the statute and the "intention" of the legislature is made clear by the required recording provision and its stated effect.

Appellee city, in answer to remonstrators-appellants' argument that the Acts of 1953, Ch. 160, Sec. 7, does not relate to future annexations can, in effect, be used to show that the Acts of 1953, Ch. 160, Sec. 7 does relate to future annexations. Appellee's argument, with which we agree, is as follows, to-wit:

> "* * * Section 48-3963 (Acts 1967, ch. 128, Sec. 16) provides in part:
> " 'Provided, That the provisions of the contract shall not be effective as to any owner of real estate not a party thereto unless the contract shall have been recorded in the office of the recorder of the county in which the real estate of the owner is located prior to the time the owner taps into or connects to the sewers and facilities. The power of the board to so contract shall also apply to sewers and facilities in process of construction or which have not been

finally approved or accepted for full maintenance and operation by the city or town upon the effective date of this act, January 1, 1968.

" 'The contract shall include as part of the consideration running to the city or town, the release of the right of the owners party thereto and their successors in title to remonstrate against *pending or future annexations* to the city or town of the area served by the sewers and facilities, and any person tapping into or connecting to the sewers and facilities contracted for, shall be deemed to thereby waive their rights to remonstrate against the annexation of the area served by the sewers and facilities.' (Emphasis added.)

"From the above statute it can be seen that the words 'pending or future annexations' are used since 'the provisions of the contract shall not be effective as to any owner of real estate not a party *unless,* the contract shall have been recorded in the office of the recorder of the county in which the real estate of the owner is located prior to the time the owner taps into or connects to the sewer facilities.' (The forerunner of this act, 48, 3938, contained language to the same effect.) The words 'pending or future' used in 48-3963 were *necessarily* expressed in that way since the condition precedent of *recording* the agreement was necessary before the agreement could apply to *future* annexations of landowners not a party to the agreement.

"From the above, it is evident that Acts 1953, Ch. 160, Sec. 7 containing the words 'any proposed annexation' *plus* the requirement that the agreement *'shall'* be recorded and *'shall'* bind successors in title is indicative of intent to prevent remonstrance as to future annexations."

The final contention for us to met and pass on here is remonstrators-appellants' contention that Acts 1953, Ch. 160, Sec. 7 is unconstitutional.

In the case of *Perry Tp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296, wherein the Legislature provided for the changing of the boundaries of townships, the Supreme Court of Indiana, in upholding that legislation as being constitutional, said:

"This court has said, 'that all reasonable presumptions must be indulged in favor of the validity of an act of the

legislature, and it is only when its invalidity appears so clearly and palpably as to leave no room for a reasonable doubt that it violates some provision of the Constitution, that a court will refuse to affirm or sustain its validity.' [Citing cases.]

* * *

"One of the cardinal rules, . . . relative to clasifications is—that if a state of facts can reasonably be conceived that would sustain the classification—the existence of that state of facts at the time the law was enacted must be assumed. [Citing cases.]"

We are further of the opinion that the statute objected to is not unconstitutional for the reason that it creates a special class in giving certain rights of annexation in Sanitary District cases and does refuse to give the right of waiver of future annexation in other cases, such as in the service of electricity and water to persons in the area proposed to be annexed.

Our Supreme Court, in *Doan* v. *City of Fort Wayne, supra,* said:

*"Finally it is erroneous to conclude that because the legislature permits statutory waiver of the right of remonstrance in the construction of sewage facilities, Ind. Ann. Stat. § 48-3963 (1969 Supp.), that by analogy waiver should be permitted in contracting for other services relating to factors of public health, safety and morals. On the contrary, if the legislature meant to extend waiver of the right to other areas we must presume that it would have done so."* (Our emphasis.)

Remonstrators-appellants rely on the case of *School City of Elwood* v. *State ex rel. Griffin* (1932), 203 Ind. 626, 180 N. E. 471 to show the said statute unconstitutional.

In *School City of Elwood* the court said:

"Both parties agree as to the general rules stated in * * * which control the determination of the question whether a statute constitutes the sort of 'class legislation' forbidden by this section of the Constitution. [Article 1, § 23] The classification to be constitutional must

be reasonable and natural, not capricious or arbitrary; it must embrace all who naturally belong to the class, and there must be some inherent and substantial difference germane to the subject and purpose of the legislation between those included within the class and those excluded."

In our opinion the cited case is not helpful to the remonstrators-appellants and the classification in the case at bar is reasonable and natural, not capricious or arbitrary and does embrace all who naturally belong to the class and there is no inherent or substantial difference germane to the subject and purpose of the legislation between those included within the class and those excluded—this class being the landowners who may or may not enter into a waiver binding themselves and their successor in title in order that they may receive benefits of a sewage system for a certain monthly rate, together with the further consideration that for the connecting onto and using the sewage system of the city they not at a later date remonstrate against annexation. The statute applies to everyone alike in this class.

Finding no reversible error the trial court is in all things affirmed.

Robertson, P.J., Lybrook, J., concur.

NOTE.—Reported in 279 N. E. 2d 827.