Eileen A. GROVES, Appellant–Respondent,

v.

James F. GROVES, Appellee–Petitioner.

No. 71A05–9802–CV–53.

Court of Appeals of Indiana.

Jan. 22, 1999.

Rehearing Denied March 16, 1999.

Eileen A. Groves, Worthington, Ohio, pro se.

William T. Webb, South Bend, for Appellee–Petitioner.

## OPINION

ROBB, Judge.

### Case Summary

Appellant, Eileen A. Groves ("Mrs. Groves"), appeals the trial court's denial of her Motion for Vacation of Award and for Modification or Correction of Award; additionally, she appeals the trial court's grant of Appellee's, James F. Groves ("Mr. Groves"), Application for Confirmation of the Arbitrator's Award.

### Issues

Mrs. Groves raises several issues for our review. We find the following dispositive:

I.   Whether the trial court erred when it held that the time allowed for filing a Motion to Vacate pursuant to Ind.Code § 34–4–2–13 *repealed by* P.L.1–1998, SEC.221 (current version at Ind.Code § 34–57–2–13), and a Motion to Modify pursuant to Ind.Code § 34–4–2–14 *repealed by* P.L.1–1998, SEC. 221 (current version at Ind.Code § 34–57–2–14), began to run from the date of the

Award without consideration that she had timely filed a request for reconsideration with the Arbitrator which remained pending.

### Facts and Procedural History

The facts most favorable to the judgment show that on October 7, 1996, Mrs. Groves filed a Verified Application to Modify an Order of the Court. In her motion, Mrs. Groves alleged that Mr. Groves' income had increased by more than twenty percent, that there was a child support arrearage of $5,600, and that Mr. Groves owed Mrs. Groves $230 as reimbursement for medical expenses. Mr. Groves subsequently filed a Petition to Terminate Support because the Groves' minor child was a full time college student and no longer resided at the home of Mrs. Groves. The dispute between Mrs. Groves and Mr. Groves was submitted to an arbitrator, John W. Whiteleather ("Whiteleather"), on February 26, 1997. Mr. Groves and Mrs. Groves submitted documents regarding college expenses and general expenses of the children to Whiteleather, however, no testimony was taken. Whiteleather submitted the award on March 1, 1997. Mrs. Groves believes that the award is erroneous and that much of the error is due to misrepresentations submitted to the arbitrator by Mr. Groves. Mrs. Groves also believes that Whiteleather miscalculated the child support arrearage. Accordingly, Mrs. Groves filed a timely request with Whiteleather to reconsider the award on March 7, 1997. On June 3, 1997, however, Whiteleather informed Mrs. Groves that he would be unable to modify the award without the consent of both Mrs. Groves and Mr. Groves.[1] Mr. Groves refused to consent to a reconsideration of the award. Thus, on July 22, 1997, Mrs. Groves filed a Motion Against Rendition of Judgment on Award and a Motion for Modification or Correction of Award. Her motion was more than ninety days after delivery of the award, but less than ninety days after Whiteleather's decision not to reconsider the award without Mr. Groves' consent to do so. On August 5, 1997, Mr. Groves filed a motion

---

1.   Whiteleather was incorrect in this presumption. The IAA contains no provisions requiring both parties in an arbitration dispute to consent to the arbitrator's reconsideration of the award.

to dismiss Mrs. Groves' motions and filed an Application for Confirmation of Arbitrator's Award. The trial court granted both of Mr. Groves' motions because it held that Mrs. Groves failed to submit her respective motions within the time limits prescribed by the Indiana Arbitration Act. Mrs. Groves appeals the trial court's decisions.

### Discussion and Decision

The Indiana Arbitration Act ("IAA") is based on the Uniform Arbitration Act ("UAA"), *see* Ind.Code § 34–57–2–22 ("This chapter may be cited as the Uniform Arbitration Act."). The IAA was originally codified at Ind.Code § 34–4–2–1, et seq, however, since the inception of the litigation underlying this appeal, the Indiana Arbitration Act has been recodified without amendment at Ind.Code § 34–57–2–1, et seq.[2] Hereinafter, we shall refer to the IAA using its current citation.

Mrs. Groves argues that the trial court erred when it held that the time for filing a Motion to Vacate an Award pursuant to Ind. Code section 34–57–2–13 (hereinafter referred to as "Section 13") and a Motion for Modification or Correction of Award pursuant to Ind.Code section 34–57–2–14 (hereinafter referred to as "Section 14") begins to run at the time the Arbitrator enters his award, regardless of the fact that pursuant to section 34–57–2–10 (hereinafter referred to as "Section 10") a motion to reconsider has been filed with the arbitrator and remains pending.

Section 10 states:

On written application of a party or, if an application to the court is pending under section 12, 13, or 14 of this chapter, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in subdivisions (1) and (3) of section 14(a) of this chapter, or for the purpose of clarifying the award.... The award so modified or corrected is subject to the provisions of sections 12, 13, and 14 of this chapter.

Sections 12, 13, and 14 outline the procedures for petitioning a court to confirm, vacate, and modify an award, respectively. Each section imposes a ninety (90) day time limit within which to petition the court. The time limit begins to run after a copy of the award is mailed to the parties. Ind.Code §§ 34–57–2–12 to –14. Whether or not a pending application with the arbitrator to reconsider the award under Section 10 tolls these time limits is a question which has not yet been addressed by Indiana courts. We note, however, that several other state courts with similar statutory provisions have addressed this question. While one state court has held that notions of judicial economy and due process justify tolling the time limits imposed by the UAA during the pendency of a motion to modify with the arbitrator, *Konicki v. Oak Brook Racquet Club, Inc.*, 110 Ill.App.3d 217, 65 Ill.Dec. 819, 441 N.E.2d 1333 (1982), other state courts have held that the purpose of the UAA and the express language contained therein indicate that the time limits are not tolled. *Trustees of Boston & M. Corp. v. Massachusetts B.T.A.*, 363 Mass. 386, 294 N.E.2d 340 (1973); *Tung v. W.T. Cabe & Co., Inc.*, 492 A.2d 267 (D.C.1985). Mrs. Groves presents three arguments in support of her theory that a pending motion with an arbitrator to modify or correct an award should toll the time limits imposed by Sections 13 and 14 of the IAA. First, Mrs. Groves argues that a party's right to judicial review supports a finding that a timely petition to an arbitrator tolls the time limits in question; second, she argues that the theory of judicial economy as outlined in *Konicki* supports the same finding; and third, she argues that Indiana Appellate Rule 2(A) is dispositive to the outcome of this appeal to the extent that it tolls the time period within which to file a praecipe while a Motion to Correct Errors is pending before a trial court. We will address each argument in turn.

Mrs. Groves first argues that a party will lose its right to judicial review under the IAA if a petition to modify an award remains pending with an arbitrator for more than the ninety day time limit imposed by Sections 13 and 14. She argues that such a result is inherently unjust and unfair. In her case, she alleges that Mr. Groves denied her a fair award by submitting fraudulent expenses to

---

**2.** Ind.Code §§ 34–4–2–1 to 34–4–2–22 were re-    pealed by P.L.1–1998, SEC.221.

the arbitrator, and then prevented her from redress by refusing to consent to a reconsideration of the award, thereby ensuring that her subsequent petition to the trial court to modify the award would be untimely. We conclude that Mrs. Groves argument is without merit for two reasons. First, the language of the IAA implies that a party is never in danger of losing its right to judicial review through no fault of its own; and second, the language of the IAA also implies that the time limits in question should not be tolled while a motion to reconsider the award remains pending with an arbitrator.

When interpreting a statute, we must examine the statute as a whole, giving words and phrases their common, ordinary meaning. *Smithhart v. State,* 591 N.E.2d 149, 151 (Ind.Ct.App.1992). Additionally, we must be careful not to interpret one provision of the statute so as to render other provisions of the same meaningless or repetitive. *Citizens Action Coalition of Indiana, Inc. v. Indiana Statewide Ass'n of Rural Elec. Coops., Inc.,* 693 N.E.2d 1324, 1327 (Ind.Ct. App.1998); *Engle v. City of Indianapolis,* 151 Ind.App. 344, 362, 279 N.E.2d 827, 838 (1972).

Mrs. Groves' argument falls short because a party is never in danger of losing its right to judicial review whether or not the time limits in question are tolled. Section 10 of the IAA states in relevant part:

> On written application of a party or, if an application to the court is pending under section 12, 13, or 14 of this chapter, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award....

*Id.* (emphasis added). The IAA does not contain any provision requiring a party to await an arbitrator's decision before petitioning the trial court. In the absence of any such provision and in light of the emphasized provision above, we conclude that the IAA allows a party to petition a trial court for modification or vacation of an award without first petitioning an arbitrator. We are further supported in our conclusion by Section 13(d). Section 13(d) states: "If the application to vacate is denied *and no motion to modify or correct the award is pending,* the court shall confirm the award." *Id.* (emphasis added). Section 13 clearly implies that a party may petition both the arbitrator and the trial court at the same time. If such duplicative means of appealing an award were not contemplated by the IAA, the above emphasized provision of the IAA would be superfluous. Based on the plain language of Sections 10 and 13(d), we conclude that a party is never in danger of losing its right to judicial review under the IAA if the arbitrator takes more than 90 days to review an award; for, an aggrieved party does not have to await the arbitrator's decision before petitioning the trial court. *See Tung,* 492 A.2d at 270 (holding that the time limits in question should not be tolled because, among other reasons, "the well-established principle that judicial review of an administrative action should be postponed until all agency procedures have been exhausted ... [is not] applicable."). Without a danger that a party would lose its right to judicial review through no fault of its own, we find no reason to toll the time limits in question.

We also note that the plain language of the IAA implies that the time limits in question should not be tolled. The IAA specifically states that an order "so modified or corrected" is subject to the time limits of Sections 13 and 14. Ind.Code § 34–57–2–10. By specifying that the time limits are to run from the time of an award "so modified or corrected," we conclude that the legislature did not intend to toll an award not modified or corrected. Similarly, Section 13(b) specifically states that an award, "if predicated upon corruption or fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known." Ind.Code § 34–57–2–13(b). In light of a specific provision tolling the time limits in question in cases of fraud, we must conclude that if the legislature intended the time limits to be tolled for any other reason, it would have so provided.

Mrs. Groves also argues that the time limits in question must be tolled while a petition to modify or correct an award is pending before an arbitrator because the IAA would not have contemplated filing a motion to vacate or modify with the trial

court simultaneous with a motion to reconsider with an arbitrator. Again, we disagree.

When interpreting a statute, we must ascertain the policies underlying the statute and the goals to be achieved so as to effect the same. *Matter of Middlefork Watershed Conservancy Dist.*, 508 N.E.2d 574, 577 (Ind.Ct.App.1987). The purpose of the IAA is to provide a more efficient, expeditious manner in which to resolve disputes than traditional litigation. *Angell Enterprises, Inc. v. Abram & Hawkins Excavating Co., Inc.*, 643 N.E.2d 362, 366 (Ind.Ct.App. 1994). In an effort to promote such an end, the time limits imposed upon a party for either reconsideration of an award by the arbitrator or vacation or modification of the same by a trial court have been strictly enforced; for, such time limits ensure that an award by an arbitrator will become effective and enforceable in a timely and expeditious manner. *Chauffeurs, Teamsters, Etc. v. Jefferson Trucking*, 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied by* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). As the *Chauffeurs* Court stated:

> Ind.Code sections 34–4–2–13 prescribes a ninety day time limit for the filing of a motion to vacate, and the same time limit is imposed by Section 34–4–2–14 on the motion to modify or correct an arbitration award.... [T]he purpose of the short periods prescribed in the federal and state arbitration statutes for moving courts to vacate an award is to accord the arbitration award finality in a timely fashion.

*Id.*

Mrs. Groves' argument, therefore, is without merit. As mentioned the plain language of the IAA expressly contemplates a party filing a motion to modify or vacate an award simultaneously with a motion to reconsider with an arbitrator. Moreover, by allowing such duplicative means of appealing an award, the IAA is providing an expeditious means of confirming, vacating, or modifying an award. As there are no time constraints on the arbitrator in which to correct or modify the award pursuant to Section 10, this court could effectively place an arbitration award in limbo indefinitely by tolling the time periods in question while a motion to reconsider the award is pending before an arbitrator. Such a reading of Sections 13 and 14 would contravene the statute's intention to resolve disputes and confirm arbitration awards expeditiously.

Finally, Mrs. Groves argues that Indiana Appellate Rule 2(A) is precedential authority for this court to determine that a pending motion to reconsider an award with an arbitrator should toll the time limits within which to petition a court to vacate or modify the award. Indiana Appellate Rule 2(A) requires a party to file a praecipe within 30 days of a final judgment of the trial court. However, if a party files a motion to correct errors with the trial court, the time limits imposed by Ind.App. Rule 2(A) begin at the time of a trial court's judgment on said motion or at the time said motion is deemed denied. By analogy, Mrs. Groves urges this court to toll the time limits imposed by Sections 13 and 14 while a motion to reconsider an award is pending with an arbitrator.

As explicated above, however, we conclude that both the plain language and the purpose of the IAA dictate that the time limits imposed by Sections 13 and 14 of the same may not be tolled while a petition to reconsider remains pending with an arbitrator. When construing a statute, this court remains constrained by the rules of statutory construction. Foremost among these rules is the principle that this court effectuate the intentions of the legislature. *Indiana Dept. of Human Services v. Firth*, 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.* The Indiana Appellate Rules are promulgated by the Indiana Supreme Court and offer little insight into the intentions of the legislature with regard to the IAA, particularly when the language and the intentions of the legislature are discernable through standard rules of statutory construction. Notwithstanding these rules, however, we acknowledge that the language of Section 10 is ambiguous, and a casual, negligent perusal thereof could lead one to conclude that judicial review is precluded until the arbitrator has reconsidered the award. Hence, Section 10, as written may, as here, lead to harsh results. Recognizing the limits of our judicial authority, however, we must conclude that if, indeed, an express provision resolving the ambiguity stated herein would eliminate such results in

the future, it is for the legislature to so promulgate.

*Conclusion*

While we recognize the right of a party to judicial review, we must also give effect to the time constraints within which to exercise such a right. We believe that a statute of limitations should be tolled under two circumstances: 1) when it is the clear intent of the legislature to do so or 2) when, for reasons beyond the control of the petitioner, the pursuit of judicial review becomes otherwise impossible. In this case, the Indiana Arbitration Act does not contain any provisions for tolling the ninety day time period within which to petition a trial court to modify or vacate an award while an identical petition is pending before an arbitrator. More importantly, however, a party is never in danger of losing its right to judicial review under the Indiana Arbitration Act, save their own negligence in bringing a timely petition. Finally, by tolling the statute, this court would effectively contravene the intentions of the legislature and the purpose of the Indiana Arbitration Act itself. Such action is beyond the scope of this court's authority. Accordingly, we must affirm the trial court's decision.

Affirmed.

BAKER and GARRARD, JJ., concur.