CHICAGO & CALUMET DISTRICT TRANSIT COMPANY, INC. *v.* MUELLER, SECRETARY OF STATE, ET AL.

[No. 26,979. Filed January 18, 1938. Rehearing denied March 22, 1938.]

*Crumpacker & Friedrich,* and *Charles C. Towle,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Urban C. Stover,* Deputy Attorney-General, and *Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for appellee.

HUGHES, J.—It appears from the complaint of appellant that it operates a system of motor buses carrying passengers for hire over the streets of Hammond, Indiana, and the contiguous cities of Whiting, East Chicago, and Gary, and the towns of Munster, Highland, and Griffith, Indiana, all of which boundaries are contiguous with no intervening rural or suburban territory separating the said boundaries of any or either of said cities or towns. Chapter 213, page 270, of the Acts of 1925, §47-110 Burns 1933, §11113 Baldwin's 1934, provides for the registration and licensing of motor vehicles carrying passengers for hire. Section 9 of the Act provides:

"A fee of six dollars ($6.00) per person per annum, at the rated carrying capacity, allowing sixteen (16) inches for each person, exclusive of the driver, shall be paid upon the registration or re-registration, for each calender year, for each motor

bus operated for hire over any of the public highways of the state on a regular schedule of time and rates: *PROVIDED*, That the fee for motor buses operating wholly within the corporate limits of any city or town shall be one-tenth (1/10) of the regular registration fee for motor buses . . . ."

The controversy as set forth in the appellant's complaint is as to the amount of the fee required to be paid under said section. It is the contention of appellant that it is not subject to the fee of six ($6.00) dollars, but that it comes within that part of the section which provides:

"That the fee for motor buses operating wholly within the corporate limits of any city or town shall be one-tenth (1/10) of the regular registration fee for motor buses."

The appellant alleged in its complaint that it had been compelled to pay at the rate of six ($6.00) dollars per annum to the State of Indiana and asks that the rights of the parties under Ch. 213 of the Acts of 1925, be determined and declared; that plaintiff, appellant, be declared to be exempt from the registration fee and tax provided in §9 of said Act except one-tenth of the regular fee for the registration of motor vehicles as provided in the proviso of said section; that the court declare that the excess fees collected from the plaintiff by the State as the regular registration fee upon each of the plaintiff's buses for the years 1934, 1935, and 1936 were not due and collectible from the plaintiff and that said plaintiff is entitled to have the excess payments refunded to it.

There was a finding and judgment in the lower court against appellant in favor of appellees.

The only errors assigned is the overruling of appellant's motion for a new trial which alleged: (a) that the decision was not sustained by sufficient evidence; (b) that it was contrary to law; and (c) for error of

law occurring at the trial in that the court erroneously entered a finding and judgment against the plaintiff.

The principle question to be decided in this appeal is the proper construction of section 9, *supra*, as applied to the facts in the instant case. The appellant contends that as it operates motor buses carrying passengers for hire on a regular schedule and rates over public highways wholly within the corporate limits or contiguous cities and towns, the annual registration fee for its operation is one-tenth (1/10) of the regular fee as fixed in the proviso of section 9.

The basic fee is six ($6.00) dollars and then it is provided:

"That the fee for motor buses operating wholly within the corporate limits of any city or town shall be one-tenth (1/10) of the regular registration fee for motor buses."

The appellant construes the word "any" preceding the words "city or town" to mean "all" and thereby making the fee for motor carriers operating between contiguous cities, as found to exist in the instant case one-tenth of the regular fee of six ($6.00) dollars. If this construction of the word "any" as used in the proviso is correct, the judgment must be reversed.

It is a general rule of construction that where there is nothing in the act itself to indicate that a word, or phrase, is used in a particular, or technical sense, it is to be taken or accepted in its ordinary and popular meaning and it is only when the intent of the Legislature will be defeated that words will not be construed in their plain, ordinary, and usual sense. *Poe* v. *State* (1921), 190 Ind. 356, 130 N. E. 405; *Hammel* v. *State* (1926), 198 Ind. 45, 152 N. E. 161; *Massey* v. *Dunlap* (1896), 146 Ind. 350, 44 N. E. 641. Section 1-201 Burns 1933, §5 Baldwin's 1934, provides:

"Words and phrases shall be taken in their plain, or ordinary and usual sense."

We fail to see that the word "any" is used in a technical or particular sense. It is defined in Webster's New International Dictionary as "One indifferently out of a number; one indiscriminately of whatever kind or quantity."

The same author also says:

"As applied to individuals, any was formerly (and in dialect English still is) used nominally for one of two, but in educated usage any and anyone are now applied only to one of three or more either and neither being used in referring to one of two."

"In its broad, distributive sense, the sense in which the word is very frequently used, it may have the meaning of 'all,' 'every,' 'each,' or 'each one of all'." 3 C. J. 232.

When used in a statute, the word "any" should be so construed as to make its meaning comport with the general scheme of the statute in which it is used.

In construing a statute, the court will seek to discover and carry out the intention of the Legislature.

"In the search for that intention the court will look to each and every part of the statute; to the circumstances under which it was enacted; to the old law upon the subject, if any; to other statutes upon the same subjects, or relative subjects, whether in force or repealed; to contemporaneous legislative history, and to the evils and mischiefs to be remedied."

The *Barber Asphalt Co.* v. *Edgerton* (1890), 125 Ind. 455, 460, 25 N. E. 436, also see *Hunt* v. *Lake Shore R. R. Co.* (1887), 112 Ind. 69, 13 N. E. 263.

It can not be doubted that the ordinary and usual meaning of the word "any" denotes an indeterminate one of a given category and the ordinary and usual meaning of a word must be followed unless it clearly appears that the Legislature intended it

to have a different meaning. We believe that the language of the provision is plain and unambiguous and limits the application of the fee provided therein where the buses operate wholly within the corporate limits of one city or town. The word "wholly" used in the proviso, is defined to mean "to the exclusion of other things; totally; fully." The language "wholly within the corporate limits of any city or town," is equivalent to saying "wholly within the corporate limits of one city or town and to the exclusion of other towns."

If it had been the intention of the Legislature that the proviso should apply to any city or town and all cities and towns contiguous thereto it doubtless would have used appropriate language to have done so. The same legislature that enacted the Act under consideration also enacted Ch. 46, p. 138, which was an act to regulate certain carriers of persons and property by motor vehicles for compensation on the public highways. Section 5 of the Act contained the following language:

"Provided, further, That in any city or town of this state where motor transportation is now furnished under, or by color of, a contract, and in *cities and towns contiguous thereto. . . .*" (Our italics.)

Here was an act dealing with motor vehicles, the same as under the Act in the instant case. The intention of the Legislature is clearly shown that when it used the words "any city or town" it did not mean that these words also meant "and cities and towns" contiguous thereto. It evidently meant to limit the use of the word "any" to one city or one town for it expressly added the words "and in cities and towns contiguous thereto." In §1 of Ch. 213 of the Acts of 1925 different words and phrases are defined and construed. It says:

" 'Auto bus' shall be construed to mean any motor vehicle used for the purpose of carrying passengers

on a regular schedule of time and rates between termini, either wholly within the corporate limits of a city or between towns and cities."

It is to be noted that the words here used are "wholly within the corporate limits of a city or between towns and cities," and not "wholly within the corporate limits of a city and cities and towns contiguous thereto."

The purpose of the Act in question, in our judgment is a very strong argument against the construction of the Act as urged by appellant. The fee imposed is an excise for the privilege of transacting a transportation business over the public highways of the State. "Public highway" is defined and construed in §1 of the Act as follows:

" 'Public highway' shall be construed to include any highway, county road, state road, public street, avenue, alley, park, parkway or public place in any county, city or town . . ."

It is shown by the record that certain streets over which the appellant operates its buses are State highways, being routes 6, 12, 20, and 41. We think it would only be logical for the state to impose a greater fee upon appellant's business for the use of the highways in several cities and towns than it would be in only one city. Therefore, the proviso provides by its plain terms the smaller fee where the buses operate wholly upon the streets of one special city or town.

We think the finding and judgment of the lower court in holding that the business of the appellant in operating its buses in the cities and towns heretofore set out does not come within the proviso of section nine (9), *supra*, which provides for a fee of one-tenth of the regular fee, but that it is subject to the regular six ($6.00) dollar fee.

The appellant insists that to recognize the full tax for strictly urban operation between contiguous cities

is to acknowledge an arbitrary and unreasonable ■ classification of cities for the purpose of applying the act. If we are correct, and we think we are, in what we have heretofore said in this opinion, the above contention of appellant is without merit. We fail to see any unreasonable or arbitrary classification.

This action is for a declaratory judgment and asks the court to construe the law and determine the tax it is required to pay. This we have done and in view of the conclusion we have reached it is not necessary to discuss the question of the voluntary or involuntary payment of the fees for certain years.

Judgment affirmed.