SANDNESS D/B/A RAY'S CAFE *v*. INDIANA EMPLOYMENT SECURITY BOARD ET AL.

[No. 368-A-52. Filed February 24, 1969. No petition for rehearing filed.]

*Alan H. Lobley, James S. Telfer,* and *Ice Miller Donadio & Ryan,* of counsel, all of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *William E. Matheny,* Deputy Attorney General, for appellees.

HOFFMAN, J.—The proceeding here was instituted before the Liability Referee of the Indiana Employment Security Board to determine the amount of the contributions required to be paid by appellant, Evelyn I. Sandness, d/b/a Ray's Cafe, as employer, with respect to her employees for the first quarter of the calendar year 1967 under the Indiana Employment Security Act.[1]

Appellant, Evelyn I. Sandness, d/b/a Ray's Cafe, failed to file report or make contributions required for the second quarter of 1966 under the Indiana Employment Security Act. On August 31, 1966, a merit rate delinquency notice was sent to appellant, by registered mail, to her post office box in Kentland, Indiana, that being her last known address. On September 9, 1966, appellant, by her agent, picked up the delinquency notice. On September 15, 1966, fifteen days after the actual mailing, appellant mailed her report and contributions shown to be due thereon.

In July, 1967, the Board mailed to appellant notice and demand for additional employer contributions, such additional contributions being assessed on the ground that the contributions for the second quarter of the calendar year 1966 had not been timely paid. Appellant then filed a protest to the assessment and a hearing was held before a Liability

---

1. Acts 1947, ch. 208, as amended, § 52-1525, *et seq.*, Burns' 1964 Replacement.

Referee. The Referee found that the payment mailed by appellant on September 15, 1966, was not timely and decided that the appellant had forfeited her merit rate for 1967 thus being liable for the additional contribution. Notice of intention to institute judicial review proceedings was timely filed.

The sole issue is the judicial interpretation of the notice portion of § 1102 (emphasized below) of the Indiana Employment Security Act, Acts 1955, ch. 317, § 6, p. 971, § 52-1535a, Burns' 1964 Repl.[2], which provides, in pertinent part, as follows:

"For each calendar year after 1955 an employer's rate shall be 2.7 per centum [2.7%] except as otherwise provided in section 3803 [§ 52-1562b] hereof, unless and until: (A) the employer has been subject to the provisions of this act [§§ 52-1535—52-1535c] throughout the thirty-six [36] consecutive calendar months immediately preceding the computation date, and (B) there has been some annual payroll in each of the three [3] twelve-month periods immediately preceding the computation date, and (C) in addition to the conditions and requirements set forth and provided in subsections (A) and (B) of this paragraph, *an employer's rate shall be 2.7 per centum [2.7%] unless all required contribution and wage reports have been filed within thirty-one [31] days following the computation date and all contributions, penalties and interest due and owing by employer or his predecessor for periods prior to and including the computation date have been paid within thirty-one [31] days following such computation date or within ten [10] days after the director or his representative has given the employer a written notice of such delinquency and/or failure to file such reports, by registered mail to his last known address, whichever is the later date. The director or his representative shall give such written notice to such employer before this additional condition or requirement shall apply;* Provided, however, That no employer's rate shall be varied from the 2.7 per centum [2.7%] rate unless as of the preceding June 30 the total amount available for benefits in the employment security fund equals or exceeds the sum of seventy-five million dollars [$75,000,000]." (Our emphasis.)

2. The Act was amended in 1967.

Appellant urges us to consider a theory of statutory construction which would require *actual* receipt of the notice here in question. By this approach, appellant would have had until September 19, 1966, to file her report. We think such is not a reasonable construction of the statute.

Both parties to this action have expressed some confusion on the meaning and intent of the language contained in § 52-1535a, *supra*, ". . . has given the employer a written notice . . . by registered mail to his last known address . . .," and "shall give such written notice." Particularly, when construed with the other notice provisions contained in this Act, which start the notice period as of the date of mailing, the basis for such confusion is apparent.

In *Adkins v. Indiana Employment Sec. Div.*, 117 Ind. App. 132, at page 137, 70 N. E. 2d 31, at page 33 (1946), this court stated the following in aid of legislative interpretation:

> "In construing the meaning of certain words contained in a statute, the legislative definition of the same words in another act (although not conclusive) is entitled to consideration in construing the same words when used in another statute upon the same, or related, subject." (Citing authorities.)

Such a legislative definition exists in a statute similar in purpose and function to the one before us. We refer to the Tax Assessment Act, Acts 1963, ch. 333, § 34, p. 811, § 64-1701, Burns' 1968 Cum. Supp., which provides:

> "In all cases where this act provides for the giving of notice by mail, the day on which the notice shall be deemed to be given shall be the day on which the notice is deposited in the United States mails. All notices required by this act to be given by mail shall be given either by certified mail or in such other manner so as to obtain a proof of mailing from the United States post office department, except that all notices of assessment and reassessment made pursuant to section 701 [§ 64-711] of this act and all notices of hearings shall be given by ordinary first class mail."

The various notice provisions affected by this definition in the Tax Assessment Act read similar to those in the Employment Security Act, § 52-1535a, *supra*:

Section 64-613: ". . . shall immediately give notice by mail . . ."

Section 64-801: ". . . the board shall give prior notice by mail to the taxpayer involved naming a time and place, at least ten days after the giving of such notice . . ."

Section 64- 837: ". . . shall give notice . . . by mail . . ."

Section 64-1003: "The board shall give notice by mail . . . at least ten [10] days before such hearing, . . ."

While we recognize that we are not bound by this definition, we do recognize the close relation between these two statutes (§ 64-1701 and § 52-1535a), particularly in that they both deal with taxation.

In *C. & C. Dist. Transit Co., Inc. v. Mueller, Sec. of St.*, 213 Ind. 530, at page 534, 12 N. E. 2d 247, at page 249 (1938), our Supreme Court said:

"In construing a statute, the court will seek to discover and carry out the intention of the Legislature.

" 'In the search for that intention the court will look to each and every part of the statute; to the circumstances under which it was enacted; to the old law upon the subject, if any; *to other statutes upon the same subjects, or relative subjects*, whether in force or repealed; to contemporaneous legislative history, and to the evils and mischiefs to be remedied.' *The Barber Asphalt Co. v. Edgerton* (1890), 125 Ind. 455, 460, 25 N.E. 436, also see *Hunt v. Lake Shore R.R. Co.* (1887), 112 Ind. 69, 13 N. E. 263." (Our emphasis.)

The Legislature has established a definition which is available for our aid and understanding in interpreting the

legislative intent. Our use of the definition contained in § 64-1701, *supra,* is reinforced by an analysis of the words ". . . to his last known address . . .," found in § 52-1535a, *supra.* A plain reading of these words leads to the conclusion that the Legislature intended there to be no burden on the Employment Security Division beyond the mailing of the required notice to the address last known by them. To require actual notice would be to imply that a duty existed in the Board to discover the *present* address in the event it differed from the *last known.*

We hold, in light of the foregoing reasoning, that the notice period established in § 52-1535a, *supra,* runs from the date of mailing by the Board.

Appellant, by this construction of § 52-1535a, did not meet the requirement of paying her assessment within ten days of the giving of notice. To reach such a conclusion is not contrary to the spirit of the Act. Employers are given more than one chance to comply with the provision enabling them to receive a merit rating. The part of the section in question is merely the "last chance" to comply, and the Employment Security Division should not be placed under an additional burden of waiting for some indefinite period for "actual receipt" to occur.

Appellant-Sandness did not comply and the additional assessment was correctly levied.

Decision affirmed. Costs assessed against appellant.

Pfaff, C.J., and Sharp, J., concur. White, J., not participating.

NOTE.—Reported in 244 N. E. 2d 670.