Eugene **GILBERT**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 1–680A145.

Court of Appeals of Indiana, First District.

Oct. 6, 1980.

---

Paula Thrun Kight, Richards, Bibbins & Kight, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Eugene Gilbert was found guilty in a trial before the court of failure to yield right of way and fined $10 dollars plus court costs of $32 dollars. Gilbert alleges three errors on appeal, but because we reverse the trial court's verdict, we will deal only with whether the State presented a *prima facie* case.

The facts reveal that Gilbert was acting in his capacity as a truck driver when the incident occurred, and was operating a tractor and trailer commonly known as a "semi". Gilbert was leaving Donnelley's South Plant in Crawfordsville, Indiana, and proceeding to State Road 32. At the crossing of the plant road and State Road 32, Gilbert stopped and then proceeded to turn onto State Road 32. The State's only witness and arresting officer, Richard Wilson, testified that he was on his way home after completing his shift with the Crawfordsville Police Department, and that Gilbert's actions caused him to brake abruptly and to swerve into the opposite lane in order to avoid hitting the trailer portion of the semi.

Gilbert was charged with violating *Ind. Code* 9–4–1–83.[1] Both parties agree, that the relevant portion of that section states:

(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop if necessary at the entrance to a through highway so closely as to constitute an immediate hazard, but may then proceed.

The State emphasizes the phrase, "stop sign is erected at one or more entrances thereto although not a part of a through highway . . . ." Gilbert directs his attention to the phrase "at an intersection", to show that this code section was not intended to be applicable where a private roadway is involved. We agree.

*Ind. Code* 9–4–1–15 provides the statutory definition of intersection, and is couched in terms of crossings of roadways of two *highways*. *Ind. Code* 9–4–1–14(a) defines a street or highway as being "[t]he entire width between the boundary lines of every way *publicly maintained* when any part thereof is open to the use of the public for purposes of vehicular travel." [Emphasis added.] IC 9–4–1–14(b) deals with private roads and driveways, and they are defined as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

The final relevant statutory section is *Ind. Code* 9–4–1–84[2] which states, "[t]he driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right–of–way to all vehicles approaching on said highway."

We believe Gilbert's conduct was governed by the provisions of IC 9–4–1–84 rather than IC 9–4–1–83, which was the statute under which he was charged.

If a statute is certain and unambiguous, there is no need to resort to the rules of judicial construction, nor may a court

---

1. Entering through highway or intersection-- Obedience to yield signs.

2. Entering highway from private road or driveway.

substitute language which it feels the legislature may have intended. *Brighton v. Schoffstall,* (1980) Ind.App., 401 N.E.2d 84. A few of the basic rules of judicial construction were recently reviewed by this court in *Barr v. State,* (1980) Ind.App., 400 N.E.2d 1149, 1150, (petition to transfer pending), wherein we declared:

> When an appellate court is required to construe a statute, the court must give effect to the legislative intent. The court must also construe the statute according to its plain meaning, and cannot apply a construction which is not in accordance with the clear and express purpose of the statute. Also, a statute which is specific in its meaning will control over one that is general in its meaning. *Gonser v. Board of Commissioners For Owen County,* (1978) Ind.App., 378 N.E.2d 425. It is also the responsibility of an appellate court to make its determination from a reading of the statute in its entirety, rather than giving a strict and literal meaning to any particular section. *Matter of Big Raccoon Conservancy District,* (1977) Ind.App., 363 N.E.2d 1004.

■ Finally, we note that in construing statutes, an appellate court is bound by the definitions set forth in the particular act, unless those definitions are inconsistent or repugnant to the legislative intent. *See Town of Kewanna Water Works v. Indiana Employment Security Board,* (1961) 131 Ind. App. 400, 171 N.E.2d 262; *Kirby v. Indiana Employment Security Board,* (1973) 158 Ind. App. 643, 304 N.E.2d 225; *Tilton v. Southwest School Corporation,* (1972) 151 Ind. App. 608, 281 N.E.2d 117.

We are particularly troubled by the phrase in IC 9–4–1–83(b) "although not a part of a through highway." Although without the language of IC 9–4–1–84 this would imply private roadways were to be included, we can envision circumstances where the intersection would not be a part of a through highway yet not be a private roadway. Because we do not find the language of IC 9–4–1–83(b) so certain and unambiguous as to include Gilbert's conduct, we must resort to the rules of judicial construction.

In applying the basic rules set forth in *Barr, supra,* we find the specific language of IC 9–4–1–84, in dealing particularly with private roads and driveways, to be controlling over the more general language found in IC 9–4–1–83.

 Further, mindful of the statutory definitions concerning intersections and highways, and the specific language of IC 9–4–1–84; we opine that IC 9–4–1–83 was intended to regulate intersections of *public highways,* and as such, the State failed to present a *prima facie* case that Gilbert violated IC 9–4–1–83, due to the lack of any evidence in the record that the incident took place at the intersection of two or more public highways.

Judgment reversed.

NEAL and RATLIFF, JJ., concur.