**STATE of Indiana, ex rel. SOUTHERN HILLS MENTAL HEALTH CENTER, INC., Plaintiff-Appellant,**

v.

**DUBOIS COUNTY, Indiana; Hilda Schmitt, Dubois County Auditor; Basil Kunkel, Dubois County Treasurer; Richard Eckerle, John Sternberg, Eugene Hostetter, Raymond Hohl, Tony Denu, Jr., Othmar Demuth, Jerry Hunefeld, Councilmen of Dubois County; David Schnell, Virgil Schnaus, Gilbert Fleck, County Commissioners of Dubois County, Defendants-Appellees.**

No. 1–982A255.

Court of Appeals of Indiana,
First District.

March 24, 1983.

William C. Beckman, Chappell & Beckman, Jasper, for plaintiff-appellant.

Clemence A. Nordhoff, Nordhoff, Nordhoff & Songer, Jasper, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF CASE

Southern Hills Mental Health Center, Inc., plaintiff below, appeals from an adverse judgment of the Dubois Circuit Court upon its complaint for inadequate funding against the Dubois County Auditor, Treasurer, Council, and Commissioners. We reverse and remand.

## FACTS

Southern Hills is a community mental health center within the purview of Indiana Code Sections 16–16–1–1 through 10 and serves the population of five counties: Crawford, Dubois, Orange, Perry, and Spencer. The total population of Dubois County is served by Southern Hills and for the years in question constituted, by the

parties' stipulation, 34.2% of the total population served by the Southern Hills. Indiana Code Section 16–16–1–3 provides generally that the board of county commissioners of two or more counties *may* authorize the furnishing of financial assistance for such centers and at their request the county may appropriate from the general fund assistance in the amount not to exceed an annual levy of ten cents per one hundred dollars of taxable property within the county. Indiana Code Section 16–16–1–6 is more specific with respect to the actual method to be employed in calculating the amount of such funding. The pertinent portions of this statute are the following:

"A county shall fund community mental health centers, for operation, in an amount at least equivalent to that which would be raised by an annual tax rate of four cents [4c] on every hundred dollars [$100] of taxable property within the county, unless a lesser rate will be adequate to fulfill the county's financial obligations as set forth elsewhere, in the following situations:

(a) where the total population of the county is served by one [1] such center,

\* \* \* \* \* \*

In [situation] (a) ... above, the county's maximum appropriation for part of the total operating budget of the center shall be calculated upon the ratio that the total county population served by the center bears to the total population served by the center, such ratio to be expressed as a fraction and the amount of the maximum appropriation to be calculated by multiplying such fraction by the total operating budget of such center after it is reduced by the amount of anticipated gifts, except bequests and merchandise, fees, federal grants for direct service, except research and demonstration grants.

\* \* \* \* \* \*

The maximum appropriation calculated by this section represents the county's absolute proportional share of the center or center's total operating budget. If that proportional share is less than the four cent [4c] requirement, above, the county shall be required and allowed to appropriate only the maximum appropriation amount. If the maximum appropriation is more than the four cent [4c] requirement above, the county shall be required to satisfy the four cent [4c] appropriation equivalent and may appropriate an amount in excess of the four cent [4c] equivalent appropriation up to an amount added to the four cent [4c] equivalent appropriation which would equal a ten cent [10c] equivalent appropriation, or an amount added to the four cent [4c] equivalent appropriation which would equal the maximum appropriation calculated by this section, whichever is less.

\* \* \* \* "

In addition, Indiana Code Section 16–16–1–7 states that "[t]he county tax levying body shall appropriate and the county council must approve the funds necessary to carry out the provisions of this chapter [16–16–1–1—16–16–1–10]."

For fiscal year 1980 Southern Hills submitted the following letter and budget to the Dubois County Commissioners and Council:

"July 17, 1979

Crawford County Commissioners and Council

Dubois County Commissioners and Council

Orange County Commissioners and Council

Perry County Commissioners and Council

Spencer County Commissioners and Council

Ladies and Gentlemen:

Attached is a copy of Southern Hills Mental Health Center's operating budget for fiscal year 1980 as submitted to and approved by the Indiana Department of Mental Health.

Indiana Law IC 16–16–1–6 requires that 'A county shall fund Community Mental Health Centers, for operation, in an amount at least equivalent to that which would be raised by an annual tax rate of four cents (4c) on every hundred

dollars ($100) of taxable property within the county ...'

In accordance with this law and the attached budget, our request is for an amount equal to 4c per $100 of taxable property in each of the five counties served.

> Respectfully submitted,
> SOUTHERN HILLS MENTAL HEALTH CENTER, INC.
> /s/ Robert C. Flick
>  Robert C. Flick
>  Executive Director"

(Defendants' Exhibit A) Record at 65.

"Southern Hills Mental Health Center, Inc.

OPERATING BUDGET

July 1, 1979 to June 30, 1980

Revenues

| | |
|---|---|
| Service Revenue (Patient fees) | $ 1,856,910 |
| Deductions from Revenue | (1,408,929) |
| State Contract | 235,200 |
| Department of Health, Education & Welfare | 1,076,647 |
| County (Crawford, Dubois, Orange, Perry & Spencer) | 110,172* |
| TOTAL Revenues | $ 1,870,000 |

Expenditures

| | |
|---|---|
| Employee Compensation | $ 1,123,987 |
| Fringe Benefits | 143,871 |
| Purchased Services | 198,262 |
| Building & Equipment | 141,880 |
| Operating Supplies | 49,600 |
| Operating Expenses | 212,400 |
| TOTAL Expenditures | $ 1,870,000 |

* Estimate only—actual revenue based on 4¢ per $100 taxable property."

(Defendants' Exhibit B) Record at 66.

The Dubois County Commissioners budgeted the sum of $80,000 for Southern Hills for 1980, but the Dubois County Council approved an appropriation of $50,000 with a notation "total budget 3c levy." The assessed valuation of taxable property within Dubois County for calculating payments for 1980 was $155,180,210.00 giving rise to $46,544.06 at a levy of 3c per $100.00 and $62,072.08 at a levy of 4c per $100.00. For the year 1980 Dubois County actually paid Southern Hills the amount of $54,724.64.

For 1980 the letter and budget submitted were the following:

> "June 19, 1980
>
> Crawford County Commissioners and Council
>
> Dubois County Commissioners and Council
>
> Orange County Commissioners and Council
>
> Perry County Commissioners and Council
>
> Spencer County Commissioners and Council
>
> Ladies and Gentlemen:
>
> Attached is a copy of Southern Hills Mental Health Center's operating budget for fiscal year 1981 as submitted to and approved by the Indiana Department of Mental Health.
>
> In accordance with IC 16–16–1–6 and the attached budget, our request is for an amount equal to 4c per $100 of taxable property in each of the five counties served.
>
> Respectfully submitted,
> SOUTHERN HILLS MENTAL HEALTH CENTER, INC.
> /s/ Robert C. Flick
>  Robert C. Flick
>  Executive Director"

(Defendants' Exhibit D) Record at 232.

"SOUTHERN HILLS MENTAL HEALTH CENTER, INC.

OPERATING BUDGET

FY 81

| Revenue: | | | |
|---|---|---|---|
| Federal | | | 1,076,647 |
| State | | | |
| Contract | 351,000 | | |
| Title XX | 160,919 | | |
| | | | 511,919 |

County

| | | |
|---|---|---|
| Dubois | 63,552 | |
| Orange | 25,674 | |
| Crawford | 10,567 | |
| Perry | 25,596 | |
| Spencer | 39,348 | |
| | | 164,737 |

Net Service Revenue

| | | |
|---|---|---|
| Gross Revenue | 1,635,871 | |
| Deductions | 1,399,682 | |
| | | 236,189 |
| TOTAL | | 1,989,492 |

Expenses:

| | |
|---|---|
| Salaries & Wages | 1,229,210 |
| Employee Benefits | 162,392 |
| Purchased Services | 216,260 |
| Program Operating Supplies & Expenses | 17,750 |
| Operating Expenses | 53,800 |
| Office Supplies | 37,000 |
| Telephone | 37,500 |
| Travel & Transportation | 59,400 |
| Rent | 133,160 |
| Recruitment | 10,000 |
| Depreciation – Equipment | 14,400 |
| Building Expenses | 13,620 |
| Other Expenses | 5,000 |
| TOTAL | 1,989,492" |

(Defendants Exhibit C) Record at 231. For 1981 the Commissioners budgeted $66,000, and the Council again approved an appropriation of $50,000 noting "total budget 3c levy." The assessed valuation of $167,618,820.00 for 1981 would give rise to $50,285.65 at the 3c levy and $67,047.53 at 4c. The actual amount funded in 1981 was $50,305.64.

Southern Hills brought this action contending that the defendants were required by statute to fund up to the four cent equivalent requirements for 1980 ($60,072.08) and 1981 ($67,047.53). The trial court made extensive specific findings of fact and conclusions of law holding against Southern Hills with respect to additional funding for 1980 and for Southern Hills in the sum of $4,246.36 plus interest for 1981. Southern Hills appeals the trial court's judgment.

## ISSUE

Did the trial court err in applying the statutory provisions pertinent to this case?

## DISCUSSION AND DECISION

Southern Hills contends that the trial court misinterpreted and misapplied Indiana Code Section 16–16–1–6 by permitting the Dubois County Council to calculate funding of their facility by a method other than one which would entitle them to a 4c levy for the years 1980 and 1981. They assert that the statute in this case permits only two methods of calculating the amount of funding: (1) the maximum appropriation amount, calculated by multiplying the stipulated population ratio figure of 34.2% times the center's total operating budget which had been properly reduced and (2) the 4c equivalent appropriation which could be extended up to 10c if the Council so desired to reach the maximum appropriation amount. They then argue that because the maximum appropriation amount for each year was greater than the 4c equivalent appropriation, the Council had no discretion to fund at a rate of less than 4c, which would amount to $62,072.08 for 1980

and $67,047.53 for 1981. The amount they claim is owed them is $7,347.44 for 1980 and $7,741.89 for 1981, plus interest on both amounts from the date they were last due and payable.

The trial court made the following findings pertinent to its contested conclusions:

"16. For the fiscal year 1980, Plaintiff by letter dated July 17, 1979 submitted an 'Operating Budget' to the 'Dubois County Commissioners and Council' asking for an amount from the County equal to 4c per $100.00 of taxable property but only showing on the Budget for 'County (Crawford, Dubois, Orange, Perry and Spencer') the sum of $110,172.00 (Defendant's Exhibits 'A' and 'B'). No separate amount was shown for Dubois County.

17. For the fiscal year 1981, Plaintiff by letter dated June 16, 1980 submitted its 'Operating Budget' to the County Commissioners and Council again requesting an amount equal to 4c per $100.00 of taxable property 'in each of the five counties served.' (Plaintiff's Exhibit 'D') The 'Operating Budget' this time was in more detail and set forth a total 'County' request of $164,737. Of this amount $63,552.00 was listed opposite 'Dubois'. (Defendant's Exhibit 'C')

18. No representative of Plaintiff appeared at any meeting of the Dubois County Commissioners or Council respecting either the 1980 or 1981 fiscal year budget.

19. Plaintiff in submitting its 1980 fiscal year budget and in asking for appropriation from Dubois County did not demonstrate to the County Commissioners and County Council that an amount lesser than would be generated by a 4c levy would not be adequate and sufficient to meet the needs of the Mental Health Center."

20. Plaintiff in submitting its proposed 1980 fiscal year Budget did not demonstrate or show to the Dubois County Commissioners and Council that based on a Population Ratio Funding (Plaintiff's Exhibit 3) the funding from Dubois County could be the sum of $118,117.22.

21. Plaintiff in submitting its 1981 fiscal year budget and in asking for appropriation from Dubois County asked for an appropriation per its 'Operating Budget' of $63,552.00. The County actually funded Plaintiff for that fiscal year in the sum of $59,305.64 leaving a deficit of $4,246.36."

Record at 151–52. The court thereupon concluded that Southern Hills should take nothing upon count one of its complaint for further funding for 1980, but should recover the sum of $4,246.36 plus interest upon count two of its complaint for further funding for 1981.

As Southern Hills argues, from these findings and especially the conclusion that Southern Hills was owed the difference between the specific 1981 budgeted figure of $63,552 attributable to Dubois County and the amount they actually received that year, $59,305.64, it is obvious that the trial court did not apply the statute as it is written. The trial court apparently concluded that the amount Southern Hills was requesting the council to appropriate was the estimated amount shown on the budget attributable to Dubois County and that because Southern Hills did not show on the budget that the maximum appropriation amount was greater than the 4c levy, Southern Hills was entitled only to the amount shown on the budget. However, the evidence in the record does not support the trial court's finding that this was the reasoning behind the council's action. The commissioner's testimony revealed that the commissioners had appropriated $80,000 for 1980 and $66,000 for 1981 based upon the 4c levy requested. The councilman's testimony revealed that the council interpreted the statute to provide funding at either the 4c levy or according to the center's need, which he thought to be ascertainable aside from either the budgeted amounts or the 4c levy. The councilman testified that the council realized that because of the reassessment in 1979 the 4c levy in 1980 would have resulted in a 50% increase in funding for Southern Hills, and, as "watchdogs for the innocent," the council felt such an in-

crease unjustified and the result of legislative oversight. Thus, neither the court nor the council applied the statute as written in this cause.

The language of Indiana Code Section 16–16–1–7 is clear: the council *must* approve funds necessary to implement Indiana Code Section 16–16–1–6. There it is stated that funding *shall* be calculated in one of two ways. The words "must" and "shall" are mandatory terms. *State ex rel. Land v. Board of Trustees of Springs Valley School Corporation,* (1982) Ind.App., 430 N.E.2d 791, 794, *trans. denied; Sherrard v. Board of Commissioners of Fulton County,* (1972) 151 Ind.App. 127, 130, 278 N.E.2d 307, 309, *trans. denied.* It is a court's duty to give effect to the plain and ordinary meaning of words used in a statute. *Thompson v. State,* (1981) Ind.App., 425 N.E.2d 167, 170, *trans. denied; Brighton v. Schoffstall,* (1980) Ind.App., 401 N.E.2d 84, 86. Judicial construction is permissible only where the statutory language is ambiguous or of doubtful meaning. *Sue Yee Lee v. Lafayette Home Hospital,* (1980) Ind.App., 410 N.E.2d 1319, 1322–23, *trans. denied* (1981). "If the language used in the statute is clear and unambiguous, the court may not substitute language which it feels the legislature may have intended." *Brighton v. Schoffstall.* Because "estimated need" as calculated either by the trial court or by the council is not a proper method of funding mental health centers pursuant to the applicable statutes, we must reverse and remand this cause to the trial court for calculations of funding for Southern Hills pursuant to Indiana Code Section 16–16–1–6.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.