INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant,

v.

ESTATE OF Arthur Arnold SMITH, Appellee.

No. 1-1083A316.

Court of Appeals of Indiana, First District.

March 29, 1984.

Linley E. Pearson, Atty. Gen., Pamela R. Hutson, Deputy Atty. Gen., Indianapolis, for appellant.

John C. Vandivier, Jr., Raber & Vandivier, Danville, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the denial of its petition for rehearing, reappraisement and redetermination of inheritance and transfer tax. We reverse.

## FACTS

Arthur Arnold Smith (decedent) died testate on September 13, 1982. His property consisted of an unemployment compensation check for $84.00, personal property valued at $1350.00, and real estate appraised at $14,000.00. In addition, there were bank account totalling $72,455.14 held in the names of decedent and Kenneth E. Smith (Kenneth), decedent's brother, as joint tenants with full right of survivorship.

Decedent's will naming his parents as beneficiaries, was probated and a petition for no administration and transfer of assets by affidavit was granted, thereby transferring the check, personal property and real estate to the beneficiaries under his will.[1] Kenneth paid decedent's funeral expenses of $3,658.82, and appraisal for fees, court costs, and attorney's fees in the aggregate of $3,664.00 for a total of $7,322.82 which he claimed as deductions from the joint bank accounts for inheritance tax purposes. The court allowed these deductions and assessed the inheritance tax due on the transfer to Kenneth accordingly.

## ISSUE

Were the funeral expenses and costs of administration paid by decedent's brother properly deducted from the gross amounts of the bank accounts held by decedent and his brother as joint tenants with full right of survivorship in determining the inheritance tax due thereon?

## DISCUSSION AND DECISION

Property held in joint ownership with right of survivorship is subject to inheritance tax under Indiana Code section 6-4.-1-2-5 which provides:

"If property is held by two (2) or more individuals jointly with rights of survivorship, the exercise of the rights of the surviving joint owner or owners to the immediate ownership or possession and enjoyment of the property upon the death of one (1) of the joint owners is a transfer to which the inheritance tax applies. The value of the property so transferred equals the remainder of (1) the total value of the jointly held property, minus (2) the value of that portion of the jointly held property which the surviving joint owner or owners prove belonged to him or them and never belonged to the deceased joint owner."

Deductions from the value of property transferred other than by will or intestate succession are limited by statute, Indiana

---

1. This was done apparently under Indiana Code section 29-1-8-1 *et seq.* providing for the transfer of assets in small estates where the value of the gross probate estate less liens and encumbrances does not exceed $8,500.00. We venture no opinion as to whether Ind.Code § 29-1-8-1 *et seq.* were applied properly.

Code section 6–4.1–3–14, which, insofar as applicable here, provides:

"The following items, and no others, may be deducted from the value of property interests which are transferred by a resident decedent but which are not transferred by his will, under the laws of intestate succession, or under a trust:

(1) Those taxes described in section 13(b)(5) [6–4.1–3–13(b)(5) ] of this chapter, and

(2) Liens subject to which the property interests are transferred. However, the amount of the decedent's debts or funeral expenses paid by a surviving joint owner of property held jointly with the decedent may be deducted from the value of the jointly held property if the assets of decedent's estate are insufficient to pay the debts or funeral expenses."

The determination and collection of inheritance tax and the rights and obligations of both the department of state revenue and the taxpayer are governed entirely by statute. *Indiana Department of State Revenue v. Estate of Rogers,* (1984) Ind.App., 459 N.E.2d 69; *Matter of Estate of Compton,* (1980) Ind.App., 406 N.E.2d 365. Authority to deduct the expenses claimed by Kenneth must, therefore, be found in the language of Indiana Code section 6–4.-1–3–14, or not at all. Under that statute the amount of decedent's debts and funeral expenses "may be deducted from the value of the jointly held property *if the assets of decedent's estate are insufficient to pay the debts or funeral expenses.*" (Emphasis supplied.) *Id.*

Kenneth claims the assets of the estate insufficient because there was no money or funds readily available to pay them, and the real estate would have to have been sold to obtain funds necessary to pay such expenses. He would have us interpret the words of the statute to mean if the *cash or*

*liquid assets* were insufficient to pay the covered debts and expenses that the surviving joint owner who paid them would be entitled to a deduction. The statute clearly does not say that.

■ In construing a statute, if the language is clear and unambiguous it need not and cannot be subject to judicial interpretation. *State ex rel. Southern Hills Mental Health Center, Inc. v. Dubois County,* (1983) Ind.App., 446 N.E.2d 996; *Gilbert v. State of Indiana,* (1980) Ind.App., 411 N.E.2d 155; *Brighton v. Schoffstall,* (1980) Ind.App., 401 N.E.2d 84. Indeed, it is a court's duty to give effect to the plain and ordinary meaning of words used in a statute. *State ex rel. Southern Hills Mental Health Center, Inc.* If the language used in a statute is clear and unambiguous, a court may not substitute language which it feels the legislature may have intended. *State ex rel. Southern Hills Mental Health Center, Inc.; Brighton.*

■ Applying the foregoing well established rules of statutory construction, we are unable to ascribe to Indiana Code section 6–4.1–3–14 the meaning urged by Kenneth. We find nothing ambiguous or of doubtful meaning in that statute. To the contrary, its terms are clear and unmistakable. The deductions stated in that statute may be taken from jointly owned property only if "the assets of decedent's estate are insufficient to pay the debts or funeral expenses." Here, it is uncontroverted that decedent left assets totalling $15,434.00. Such amount clearly is sufficient to pay the total amount of deductions claimed here of $7,322.82.[2] That these assets were not liquid and would have to be sold to obtain funds to pay these expenses is of no moment. The statute refers to assets, not to liquid assets or cash. Neither does the fact that there was no administration of decedent's estate affect our decision. That the

---

**2.** In view of our decision that no deductions were allowable from the jointly held property for inheritance tax purposes, we need not decide whether the appraisal fees, court costs, and attorney's fees claimed would have been deductible as "debts of the decedent" under Ind.Code

§ 6–4.1–3–14 had this statute been applicable. We leave that determination to a proper case. However, we observe that such expenses are generally classified as costs of administration rather than debts of decedent.

beneficiaries of decedent opted for a method of distributing decedent's assets without formal administration does not change the clear wording of the statute.[3]

It is true Kenneth in fact paid the expenses sought to be deducted, and perhaps, on that account, the equities of the case favor his position. The language of the statute, however, compels a denial of the deduction. Kenneth's argument that the statute should be interpreted otherwise is an attempt to change the wording of the statute. Changing statutory language is the function of the legislature, not the courts.

Judgment reversed and cause remanded with directions to grant the Department's petition for redetermination of inheritance tax.

NEAL, P.J., and ROBERTSON, J., concur.

---

**3.** In fact, the same expenses sought to be deducted by Kenneth were applied against the decedent's total assets to reduce the size of the estate to less than $8,500.00.