[Civ. No. 26518. First Dist., Div. Two. Apr. 28, 1969]

COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; WILLIAM E. BAHNER, Real Party in Interest.

Gordon C. Wright for Petitioners.

No appearance for Respondent.

Herron & Winn, John Wynne Herron and Dennis B. Conklin for Real Party in Interest.

TAYLOR, J.—Petitioners seek a writ of prohibition to restrain respondent superior court from further proceedings in this action on the ground that the superior court has no jurisdiction of the subject matter, the employee's remedy being exclusively federal.

It appears from the complaint filed in the lower court and the exhibits attached thereto that petitioners insured the liability of the employer, Morrison-Knudsen Company, Inc., for compensation arising under 42 U.S.C., sections 1651-1654, the Defense Bases Act,[1] for an illness of the employee, William Bahner, contracted in the course of employment on a defense base of the United States at Teheran, Iran. The employee was totally disabled as the result of post infectious myelitis from a systemic virus infection. On June 23, 1964, he received an award under the said compensation act which required petitioners to pay to the employee the sum of $70 a week as long as he remained disabled, the sum of $300 a month to his wife for her services as an attendant as long as such services were necessary, and "that the defendants shall provide the claimant with such treatment as is necessary to alleviate the illness from which he is suffering."

On August 7, 1968, the employee instituted action No. 594294 against petitioners-insurance carriers in the Superior Court of the State of California, in and for the City and County of San Francisco, seeking $150,000 in general damages and $1,000,000 in punitive damages for a ruptured spleen and other injuries suffered by the employee on August 10, 1967, in a fall in his bathtub alleged to have been caused by the failure of petitioners *to provide the employee with safety handholds for his bathtub prescribed by his physician, of which prescription the petitioners had been notified by the employee's doctor on May 8, 1967*. The complaint is in three counts alleging (1) breach of the contract and compensation order and award; (2) negligent failure to provide reasonable and necessary medical treatment; and (3) wilful and malicious failure to comply with the compensation order and award and the doctor's order.

Petitioners demurred to the complaint on the sole ground that the court had no jurisdiction of the subject matter of the action. The superior court overruled the demurrer and petitioners filed their petition for alternative writ of prohibition in this court. There can be no question of the propriety of the proceedings here instituted (*State Comp. Ins. Fund v. Superior Court*, 237 Cal.App.2d 416 [46 Cal.Rptr. 891]).

 The sole question is whether or not, under the facts alleged, the insured employee is relegated exclusively to the

[1] This act extended the Longshoremen's and Harbor Workers' Compensation Act to employees in public works on defense bases outside the continental United States.

remedies afforded under the federal compensation act and is thus precluded from bringing a common law action in the California courts against the employer's insurance carriers based on an additional injury resulting from the insurers' negligent delay in providing, and wanton misconduct in refusing to supply, the required medical apparatus.

The employee attempts to justify his common law action on the theory that the injury in the instant case was not sustained in the course of his employment nor directly caused by the illness, but rather by the negligent and wanton failure of petitioners-insurance carriers to supply the handholds for his tub.

We think that this argument was eloquently answered by Justice Tobriner in *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976]. There, the plaintiff injured her back in the course of employment and despite the fact that the insurance carrier's own doctor recommended and requested authorization for surgery, the carrier did not approve the surgery until 14 months later. The delay resulted in the development of a temporary disability into a permanent disability, and plaintiff sued her employer's insurance carrier for negligent delay in providing, and wanton misconduct in refusing to supply, the required medical care.

The court, in striking down the common law action and relegating the employee solely to her remedies under the California compensation act, commented as follows: "Workmen's compensation contemplates a substitution of the contractual rights and obligations which normally flow between worker and employer with a complete and exclusive statutory scheme based *not upon contract but upon status*. The relationship of employer and employee itself generates the rights and obligations; the legislation describes the content and extent of those rights and obligations." (P. 733; italics added.) The court concluded that the statutory scheme provided a remedy by petition to the commission and that the employee had no right "to forsake the remedy and to obtain damages from the errant employer or carrier for the injurious consequences of its deficient or delayed performance of such service." (P. 735.)

The court also commented on the effect of permitting actions outside the act as follows: ". . . we must point out that if delay in medical service attributable to a carrier could give rise to independent third party court actions, the system of

workmen's compensation could be subjected to a process of partial disintegration. In the practical operation of the plan, minor delays in getting medical service, such as for a few days or even a few hours, caused by a carrier, could become the bases of independent suits, and these could be many and manifold indeed. The uniform and exclusive application of the law would become honeycombed with independent and conflicting rulings of the courts. The objective of the Legislature and the whole pattern of workmen's compensation could thereby be partially nullified.'' (P. 737.) (See also *Deauville* v. *Hall* (1961) 188 Cal.App.2d 535 [10 Cal.Rptr. 511], and *State Comp. Ins. Fund* v. *Superior Court* (1965) 237 Cal.App. 2d 416 [46 Cal.Rptr. 891].)

What was said in *Noe* concerning the California Workmen's Compensation Act applies equally to the federal compensation acts here in question. It was the clear intent of Congress to limit the liability of an employer under the Defense Bases Act and the Longshoremen's and Harbor Workers' Compensation Act to the coverages provided therein, and that the federal jurisdiction be paramount and exclusive (*Flying Tiger Lines, Inc.* v. *Landy,* 370 F.2d 46; *Shreve* v. *Hot Shoppes, Inc.* (1960) 184 F.Supp. 436, 438 [affd. 292 F.2d 761 [110 App. D.C. 268]) ; *State* v. *Swope,* 251 P.2d 266). An examination of the provisions of the Longshoremen's and Harbor Workers' Compensation Act discloses that an employee is afforded a number of remedies against an employer who fails to furnish the proper medical apparatus.[2] Although these remedies may prove inadequate in particular instances, the great social advantages of the workmen's compensation plan of liability without fault take precedence. It has the beneficial effect of providing medical care and compensation to thousands of injured employees without being subject to the delays and defenses which characterize a common law action. We conclude that the California superior court has no jurisdiction over the subject matter of this action.

[2](1) 33 U.S.C., section 902, subdivision (2) provides coverage for subsequent injuries that naturally and unavoidably result from the original injury.

(2) 33 U.S.C., section 907, provides that if the employer fails to provide medical services after request, the employee may do so at the expense of the employer.

(3) 33 U.S.C., section 918, provides a procedure to follow when an employer defaults in payment of compensation.

(4) 33 U.S.C., section 921, subdivision (c), provides a procedure to enforce compliance with a compensation order making an award, by writ of injunction or ''by other proper process.''

Let a writ of prohibition issue.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied May 28, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 25, 1969.