**Kathleen Watters HOOTMAN and Randall P. Hootman, Plaintiffs-Appellants,**

v.

**FINANCE CENTER FEDERAL CREDIT UNION, Defendant-Appellee.**

No. 2–583A141.

Court of Appeals of Indiana, Second District.

April 24, 1984.

John M. Choplin, II, Michelle A. Spahr, Norris, Choplin & Johnson, Indianapolis, for plaintiffs-appellants.

James E. Dowling, Rocap, Rocap, Reese & Young, Indianapolis, for defendant-appellee.

RATLIFF, Judge, writing by designation.

### STATEMENT OF THE CASE

Appellants Kathleen and Randall Hootman appeal from an order of the Marion Circuit Court granting appellee Finance Center Federal Credit Union's (Credit Union) motion to dismiss for improper venue. We reverse and remand.

### FACTS

Kathleen Hootman was injured when the lid of an army field safe fell on her finger.[1] At the time of the injury, Hootman was employed by the Credit Union at its branch on a United States military reservation in Ansbach, West Germany. The Credit Union's principal place of business is in Marion County, Indiana. Subsequent to the injury, the Hootmans were transferred to Texas.

On April 21, 1981, Hootmans filed a complaint at law[2] which ultimately came be-

---

1. Randall Hootman's claim stems from the loss of his wife's services due to the injury.

2. Both parties agree that the Indiana Workmen's Compensation Act is inapplicable in the instant case because Mrs. Hootman was em-

fore the Marion Circuit Court. The Credit Union filed a motion to dismiss, which was denied on March 17, 1982. However, on September 27, 1982, the lower court, *sua sponte,* reversed its ruling of March 17 and dismissed Hootmans' action for improper venue. It is from that dismissal that Hootmans now appeal.

## ISSUE

Hootmans present a number of issues on appeal, only one of which is pertinent to our disposition of the case.[3] Rephrased, it is as follows:

Did the lower court err in dismissing Hootmans' action for improper venue?

## DISCUSSION AND DECISION

*Issue One*

The lower court erred in dismissing Hootmans' claim for improper venue.

■■■■ Venue requirements in Indiana are governed exclusively by Indiana Rules of Procedure, Trial Rule 75.[4] That rule states, in pertinent part, that "[a]ny case may be venued, commenced and decided in any court in any county .... Preferred venue lies in [5] ... the county where ... the principal office of a defendant organization is located ...." Trial Rule 75(A)(4). In its motion to dismiss, filed January 28, 1982, Credit Union states that "[t]he principal place of business of defendant is on a federal reservation at Fort Harrison in Marion County, Indiana." Record at 156. As such, defendant falls squarely within the preferred venue requirements of Trial Rule 75. It was, therefore, error to dismiss appellants' action based upon improper venue.[6] Because appellants were clearly prejudiced by the dismissal, such action constituted reversible error. *See Plan-Tec, Inc. v. Wiggins,* (1983) Ind.App., 443 N.E.2d 1212, 1228. Accordingly, we reverse the order of the lower court dismissing appellants' claim for improper venue and remand for reinstatement of the action.[7]

*Issue Two* [8]

The Defense Base Act is at least *prima facie* applicable in the instant case.

■■■■ On remand the lower court will necessarily need to determine whether it has subject matter jurisdiction of the in-

ployed outside of Indiana and performed all of her employment-related duties outside the state. *See Graver Tank & Manufacturing Co., Inc. v. Maher,* (1958) 129 Ind.App. 218, 222, 151 N.E.2d 163, 165, *trans. denied* (1959).

3. Because we reinstate the instant action, appellants' undecided motion for sanctions on discovery remain to be decided by the lower court upon remand and, thus, presents no issue for review by this court.

4. Indiana Rules of Procedure, Trial Rule 75(D) states:

"Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction."

5. Subdivisions (1) through (10) of Trial Rule 75(A) are stated disjunctively. No inherent preference of one over another may be inferred from the numbered alternatives set-out in the rule. Each is equally preferred. *Board of Com-*

*missioners of Cass County v. Nevitt,* (1983) Ind. App., 448 N.E.2d 333, 342–43, *trans. denied.*

6. Appellee argues that the court below orally noted that it had no jurisdiction of the instant action because of the exclusivity of the federal remedy afforded by the Defense Base Act. However, the court's written order addresses only the dismissal based upon improper venue. It is well settled that a trial court speaks only through its order book. *Clark v. Clark,* (1980) Ind.App., 404 N.E.2d 23, 30 n. 2; *Highfield v. Lang,* (1979) Ind.App., 394 N.E.2d 204, 206 n. 2. Consequently, the lower court's oral statements are of no moment in the decision of this case on appeal.

7. For defendant's benefit, we note that there is a difference between jurisdiction—which involves the court's ability to hear a particular group of cases, venue—which connotes the proper situs for the trial of the action, and *lex loci delicti* —which is a rule of law governing which law should apply in a conflicts of law situation *no matter where that action is brought.*

8. We proceed to discuss a second issue only because of its relevance upon remand.

stant action. Credit Union contends that the lower court has no jurisdiction in the instant action by virtue of the Defense Base Act, 42 U.S.C. §§ 1651–54 (1978). That act states, in pertinent part:

"Except as herein modified, the provisions of the Longshoremen's and Harbor Workers' Compensation Act ... shall apply in respect to the injury or death of *any* employee engaged in *any* employment—

at *any* military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government ....

....

The liability of an employer ... under this chapter shall be exclusive and in place of all other liability of such employer[9] ... to his employees (and their dependents) coming within the purview of this chapter, under the workmen's compensation law of any State, Territory, or other jurisdiction, irrespective of the place where the contract of hire of any such employee may have been made or entered into. [Emphasis supplied.]"

42 U.S.C. § 1651(a)(1) & (c). In cases involving the Defense Base Act, federal jurisdiction is both paramount and exclusive. *Huhn v. Foley Brothers*, (1946) 221 Minn. 279, 285, 22 N.W.2d 3, 7; *State ex rel. Haddock Engineers, Ltd. v. Swope*, (1952) 56 N.M. 782, 788, 251 P.2d 266, 270. Because Hootman was employed by the Credit Union at a military installation which was necessarily acquired after 1940, the Defense Base Act would seem to apply in the instant case. However, as Hootmans correctly note, the Longshoremen's and Harbor Workers' Compensation Act provides, in part, that "if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect to claim compensation under the chapter, or to maintain an action at law ... for damages on account of such injury ...." 33 U.S.C. § 905(a) (1978). Such an action for damages at law would properly lie in state court.[10] *Perry v. Baltimore Contractors, Inc.*, (1967) La.App., 202 So.2d 694, 703, *cert. denied* 390 U.S. 1028, 88 S.Ct. 1419, 20 L.Ed. 280 (1968). Because Credit Union seeks to utilize the defense of the federal court's exclusive jurisdiction under the act to escape the effect of the state court action at law, the burden of proving the applicability of the statute's provisions rests upon the appellee. *See* Indiana Rules of Procedure, Trial Rule 8(C). There is no showing upon the record that Credit Union, in fact, secured payment of compensation as required by the act. Therefore, it remains for the lower court to determine whether its initial jurisdiction has been divested by operation of the Defense Base Act. Upon such a determination adverse to appellants, the instant action would properly be subject to a motion to dismiss for lack of subject matter jurisdiction, pursuant to Indiana Rules of Procedure, Trial Rule 8(C), or upon the court's own motion, *Decatur County Rural Electric Membership Corp. v. Public Service Co. of Indiana*, (1971) 150 Ind.App. 193, 197, 275 N.E.2d 857, 860, *trans. denied* (1973). However, because this action was brought as an appeal from an order granting a motion to dismiss based upon improper venue, we make no comment upon the merits of the action on remand, beyond noting that the lower court must determine whether it has subject matter jurisdiction before proceeding further.[11]

9. *See Flying Tiger Lines, Inc. v. Landy*, (9th Cir. 1966) 370 F.2d 46, 52; *Commercial Insurance Co. of Newark v. Superior Court of San Francisco*, (1969) 272 Cal.App.2d 321, 324, 77 Cal.Rptr. 769.

10. In furtherance of the dictates of Article 7, section 8, of the Indiana Constitution that "[t]he Circuit Courts shall have such civil ... jurisdiction as may be prescribed by law", Indiana Code section 33-4-4-3 (1982) notes that the circuit courts "shall have original exclusive jurisdiction in all cases at law and in equity whatsoever ...." Accordingly, the lower court would have jurisdiction in the instant action unless divested of jurisdiction by action of federal law.

11. Appellants argue that the Defense Bases Act is inapplicable because section 1651(a) requires an employer-government contract. The subdivisions of section 1651(a) are set-out in the disjunctive. Meeting only one of the requirements,

Accordingly, we reverse and remand for reinstatement of the instant case.

Reversed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.

such as section 1651(a)(1), is sufficient to come within the purview of the act, without also demonstrating the existence of such a contract. Because section 1651(a)(1) is absolutely clear, we must also decline appellants' invitation to construe the statute. *See State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001. We also note that appellants' reliance upon *University of Rochester v. Hartman,* (2nd Cir.1980) 618 F.2d 170, is misplaced. *Hartman* involved an attempt to collect compensation under 42 U.S.C. § 1651(a)(4), not (a)(1). In that case, Professor Vishniac died as a result of a fall suffered in the Antarctic Dry Valleys on an expedition funded by the National Aeronautical and Space Administration (NASA). It was in no way claimed in *Hartman* that the decedent was an employee on a military installation at the time of his demise. *Hartman* is not dispositive of the instant case simply because it was brought under a different section of § 1651.