**SUNBURST CHEMICAL, LLC and Gary Jackson, Appellants–Defendants,**

v.

**ACORN DISTRIBUTORS, INC., Appellee–Plaintiff.**

No. 49A02–0906–CV–532.

Court of Appeals of Indiana.

Feb. 26, 2010.

Earl Raskosky, Fort Wayne, IN, Attorney for Appellants.

Raymond T. Seach, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Sunburst Chemical, LLC, and Gary Jackson appeal the denial of their motion

to transfer venue to Allen County. We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

Sunburst is in the business of buying and selling chemical products and has its principal place of business in Fort Wayne. Jackson owns Sunburst and resides in Fort Wayne. On February 14, 2003, Jackson signed an account credit agreement so Sunburst could purchase products from Acorn Distributors, Inc., on credit. The agreement provides:

> In the event that the account is placed with a collection agency or attorney for collection, [Sunburst] agrees to pay all costs of collection, including reasonable attorney's fees, whether or not a lawsuit is commenced. In the event an action is commenced, [Sunburst] hereby submits to the jurisdiction of the Courts of Marion [C]ounty in the state of Indiana.

(Appellants' App. at 19.)

On March 3, 2009, Acorn filed a complaint against Sunburst and Jackson (collectively, "Sunburst") in Marion County. The complaint alleged Sunburst's account with Acorn was past due. On March 23, 2009, Sunburst filed a motion to transfer venue to Allen County, arguing preferred venue was in Allen County because that is Sunburst's principal place of business and Jackson's county of residence. Acorn opposed transfer, arguing Sunburst had agreed to venue in Marion County by signing the account credit agreement. The trial court denied Sunburst's motion.

## DISCUSSION AND DECISION

■ The trial court's ruling on the motion to transfer venue was based on a paper record. Therefore, our review is *de novo*. *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind.2006).

■ A complaint may be filed in any county, but if it is not filed in a preferred venue, a court must transfer the case to a preferred venue on a proper request from a party. *Id.* at 974. Ind. Trial Rule 75 has ten subsections setting forth criteria establishing preferred venue. *Id.* at 973–74. Parties may establish venue by a contractual provision. *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248, 252 (Ind.Ct.App.1992), *reh'g denied, trans. denied.*

Sunburst contends the provision in the account credit agreement does not establish venue because it mentions only jurisdiction. Sunburst suggests the "clear and ordinary intent behind Acorn's agreement is to subject a foreign company to the jurisdiction of Marion County." (Appellants' Br. at 7–8.) Therefore, Sunburst argues the provision has no meaning as applied to Sunburst, as it is already subject to personal jurisdiction in Indiana.

■ The unambiguous language of a contract is conclusive and binding on the parties and on the court, and if the language is unambiguous, the parties' intent is determined from the four corners of the document. *Peoples Bank & Trust Co. v. Price*, 714 N.E.2d 712, 716 (Ind.Ct.App. 1999), *trans. denied.* If the language is ambiguous, extrinsic evidence may be considered. *Id.* "The terms of a contract are not considered ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms." *George Uzelac & Assocs., Inc. v. Guzik*, 663 N.E.2d 238, 240 (Ind.Ct.App. 1996), *trans. denied.* "When interpreting

---

1. We have jurisdiction over this interlocutory appeal pursuant to Ind. Appellate Rule 14(A)(8).

a contract, our paramount goal is to ascertain and effectuate the intent of the parties." *Village Commons, LLC v. Marion County Prosecutor's Office*, 882 N.E.2d 210, 215 (Ind.Ct.App.2008), *reh'g denied, trans. denied.* "A court should construe the language of a contract so as not to render any words, phrases, or terms ineffective or meaningless." *State Farm Mut. Auto. Ins. Co. v. D'Angelo*, 875 N.E.2d 789, 796 (Ind.Ct.App.2007), *trans. denied.* "Generally, the courts should presume that all provisions included in a contract are there for a purpose...." *Indianapolis–Marion County Public Library v. Shook, LLC*, 835 N.E.2d 533, 541 (Ind.Ct.App. 2005).

We agree with Sunburst that jurisdiction and venue are distinct concepts. *See Hootman v. Finance Center Federal Credit Union*, 462 N.E.2d 1064, 1066 n. 7 (Ind. Ct.App.1984) (noting jurisdiction involves the court's ability to hear a particular case, whereas venue concerns the proper situs for trial). However, if we were to accept Sunburst's argument that the agreement does not address venue, it would render the reference to Marion County meaningless. In fact, Sunburst's argument suggests the entire provision is meaningless as applied to it, and that the provision is meant only to apply to businesses not otherwise subject to jurisdiction in Indiana. However, we must presume that Acorn placed the provision in the agreement for a purpose and that the reference to the courts of Marion County is intended to have meaning. *See Shook*, 835 N.E.2d at 541. Therefore, we conclude the agreement establishes venue in Marion County, and the trial court did not err by denying Sunburst's motion to transfer venue. *See Mechanics Laundry & Supply*, 596 N.E.2d at 255 (enforcing contractual venue provision).

Affirmed.

DARDEN, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

Neither Sunburst Chemical, nor Gary Jackson consented to venue in Marion County; nor did they consent to Marion County as a forum for the resolution of any dispute that arose under the credit agreement. While they did consent to the personal jurisdiction of Marion County, they did not enter into a prorogation provision by which only Marion County would have jurisdiction.

It is Hornbook law that an agreement will be construed against the party that drafted it (or, perhaps in this case, the party that mis-drafted it). Here, that party is Acorn Distributors. While I agree that courts should generally presume that the provisions in a contract are there for a purpose, courts should not re-write the parties agreement in the guise of such presumption, nor should they presume that there is a specific purpose for every provision in every contract. Indeed, superfluous terms are often found in contracts and especially in form agreements that may be used by a business in a wide range of business transactions.

I would reverse the trial court's order and remand with instructions to transfer this case to Allen County.