

**FILED**

May 04 2023, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura E. Landenwich
Adams Landenwich Walton, PLLC
Louisville, Kentucky

ATTORNEY FOR APPELLEE

Zachary F. Stewart
Jeffersonville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Spalding, <br> *Appellant-Defendant,* <br><br> v. <br><br> Utica Township Volunteer Fire Association d/b/a New Chapel Fire & EMS, <br><br> *Appellee-Plaintiff* | May 4, 2023 <br><br> Court of Appeals Case No. 22A-PL-2398 <br><br> Appeal from the Clark Superior Court <br><br> The Honorable Kyle Williams, Judge <br><br> Trial Court Cause No. 10D06-2207-PL-78 |

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

William Spalding appeals the trial court's denial of his motion for change of venue from Clark County to Floyd County. We affirm.

## Facts and Procedural History

The Utica Township Volunteer Fire Association d/b/a New Chapel Fire & EMS ("New Chapel") provides emergency medical services to residents in both Clark County, Indiana, and Floyd County, Indiana. In 2013, New Chapel hired Spalding, a Floyd County resident, as a paramedic, and the parties executed an "Employment, Confidential Information, and Invention Assignment Agreement" ("the Agreement"). (App. Vol. II at 13.) In pertinent part, the Agreement stated:

> 9. Covenant Not to Compete
>
> (a) I agree that during the course of my employment and for a period of eighteen (18) months immediately following the termination of my relationship with the Company ["New Chapel"] for any reason, whether with or without good cause or for any or no cause, at the option either of the Company or myself, with or without notice, I will not, without the prior written consent of the Company, (i) serve as a partner, employee, consultant, officer, director, manager, agent, associate, investor, or otherwise for, (ii) directly or indirectly, own, purchase, organize or take preparatory steps for the organization of, or (iii) build, design, finance, acquire, lease, operate, manage, invest in, work or consult for or otherwise affiliate myself with, any business in competition with or otherwise similar to the Company's business. The foregoing covenant shall cover my activities in every part of Clark and Floyd counties, Indiana (hereinafter "Territory").

\* \* \* \* \*

12. General Provisions.

(a) Governing Law; Consent to Personal Jurisdiction. This agreement will be governed by the laws of the State of Indiana without regard for conflicts of laws principles. I hereby expressly consent to the personal jurisdiction of the state courts located in Clark County, Indiana and/or the Federal District Court for the Southern District of Indiana for any lawsuit filed there against me by the Company concerning my employment or the termination of my employment or arising from or relating to this agreement.

(*Id.* at 17-18.) Sometime thereafter, Spalding left his job with New Chapel and began working for Baptist Health, a hospital in Floyd County.

On July 14, 2022, New Chapel filed suit against Spalding in Clark County Superior Court. In its complaint, New Chapel claimed Spalding breached the covenant not to compete provision of the Agreement by leaving his New Chapel employment and going to work for Baptist Health. New Chapel alleged:

Venue is proper in this Court as the Defendant is a resident of Indiana, regularly conducts business in Indiana, and the facts giving rise to this Complaint occurred, at least in part, in Clark County, Indiana. In addition, [the Agreement] section 12(a) specifies the Parties express "consent to the personal jurisdiction of the state courts located in Clark County, Indiana[.]"

(*Id.* at 7-8.)

On August 3, 2022, Spalding filed a verified motion for change of venue. Spalding requested the case be transferred from Clark County to Floyd County because, pursuant to Trial Rule 75, Floyd County was a "preferred venue" whereas Clark County was not a "preferred venue." (*Id*. at 23.) On August 8, 2022, New Chapel filed a response in which it contended the Agreement conferred venue in Clark County. The trial court held a hearing on Spalding's motion, and on September 19, 2022, the trial court issued an order summarily denying Spalding's motion for change of venue.[1]

## Discussion and Decision

We generally review the denial of a motion for change of venue for an abuse of discretion. *Indianapolis-Marion Cnty. Pub. Libr. v. Shook, LLC*, 835 N.E.2d 533, 540 (Ind. Ct. App. 2005). An abuse of discretion occurs "if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law." *Id*. Nonetheless, "when the parties consent to venue in a contract, that agreement overrides the preferred venue analysis that is set forth in Trial Rule 75." *Id*.

---

[1] Pursuant to Indiana Appellate Rule 14(A), Spalding pursues this interlocutory appeal of the denial of his motion for change of venue as a matter of right.

[6] We review questions of contract interpretation de novo. *Lake Imaging, LLC v. Franciscan All., Inc.*, 182 N.E.3d 203, 206 (Ind. 2022). As our Indiana Supreme Court has explained:

> In interpreting a contract, we ascertain the intent of the parties at the time the contract was made, as disclosed by the language used to express the parties' rights and duties. We look at the contract as a whole . . . and we accept an interpretation of the contract that harmonizes all its provisions. A contract's clear and unambiguous language is given its ordinary meaning. A contract should be construed so as to not render any words, phrases, or terms ineffective or meaningless.

*Ryan v. TCI Architects/Eng'rs/Cont'rs, Inc.*, 72 N.E.3d 908, 914 (Ind. 2017) (internal citations omitted).

[7] Spalding contends the Agreement "does not establish Clark County as the proper venue for disputes, it just provides that the court has 'personal jurisdiction.'" (Appellant's Br. at 6.) Spalding asserts he "agreed to the 'personal jurisdiction' of state courts in Clark County and the US District Court for the Southern District of Indiana." (*Id*.) He argues "[t]he contract makes no designation of the proper venue." (*Id*.)

[8] We addressed a similar argument in *Sunburst Chem., LLC v. Acorn Distribs., Inc.*, 922 N.E.2d 652 (Ind. 2010). In that case, Sunburst Chemical, a company with its principal place of business in Fort Wayne, agreed to purchase products from Acorn Distributors. *Id*. at 653. The purchase agreement included a provision that in the event of a lawsuit based on the agreement, Sunburst "hereby submits

to the jurisdiction of the Courts of Marion [C]ounty in the state of Indiana." *Id.* (brackets in original). Acorn then filed suit against Sunburst in Marion County alleging Sunburst failed to pay for the products it purchased. *Id.* Sunburst filed a motion to transfer venue from Marion County to Allen County, and the trial court denied Sunburst's motion. *Id.* On appeal, Sunburst argued the purchase agreement "does not establish venue because it mentions only jurisdiction." *Id.* Sunburst suggested the "clear and ordinary intent" behind the provision was to subject foreign companies to the jurisdiction of Marion County. *Id.* While we acknowledged jurisdiction and venue are distinct legal concepts,[2] we held that if the purchase agreement was not intended to address venue, "it would render the reference to Marion County meaningless." *Id.* at 654. Therefore, we affirmed the trial court's denial of Sunburst's motion for change of venue because "we must presume that Acorn placed the provision in the agreement for a purpose and that the reference to the courts of Marion County is intended to have meaning." *Id.*

[9] Likewise, in the case before us, if the Agreement's reference to Clark County is not also intended to address venue, it would render the contract provision meaningless. Spalding notes some of New Chapel's employees live in Kentucky, and he argues "the 'personal jurisdiction' provision serves the purpose of committing non-resident employees to the jurisdiction of Indiana

---

[2] *See Hootman v. Fin. Ctr. Fed. Credit Union*, 462 N.E.2d 1064, 1066 n.7 (Ind. Ct. App. 1984) (explaining jurisdiction involves the court's ability to hear a particular case, whereas venue concerns the proper situs for trial).

state courts." (Appellant's Br. at 10.) However, the clause does not simply state the parties agree to personal jurisdiction in Indiana. The clause specifies Clark County, Indiana, and we presume this reference to a specific county was intended to mean the courts of that county. *See Sunburst Chem., LLC*, 922 N.E.2d at 654 (holding venue in Marion County was proper when the parties' contract conferred jurisdiction in the courts of Marion County).

[10] Spalding takes issue with such an interpretation because he characterizes other provisions of the Agreement, like the provisions pertaining to intellectual property, as "utterly superfluous and clearly inapplicable to New Chapel[.]" (Appellant's Br. at 10.) However, we are not tasked with interpreting those other provisions in this appeal, and during the hearing before the trial court, New Chapel disagreed with the assertion "that there may be some provisions in [the Agreement] that maybe aren't really applicable to New Chapel[.]" (Tr. Vol. II at 10-11.) Spalding also notes New Chapel drafted the Agreement, and he argues "[u]nder well-established principles of Indiana contract law, the employment contract should have been construed against the drafter, New Chapel." (Appellant's Br. at 7.) We agree that one of the principles of contract interpretation "is that any ambiguity in a contract should be construed against the drafter of the contract." *Celadon Trucking Servs., Inc. v. Wilmoth*, 70 N.E.3d 833, 844 (Ind. Ct. App. 2017), *trans. denied*. We do not, though, see the Agreement's designation of the Clark County courts as the forum for resolving disputes arising out of the Agreement to be ambiguous. Therefore, we hold the Agreement conferred venue in Clark County, and we affirm the trial court's

order denying Spalding's motion for change of venue. *See Sunburst Chem., LLC*, 922 N.E.2d at 654 (holding agreement between the parties conferred venue in Marion County when it used the word jurisdiction).

## Conclusion

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

Mathias, J., and Bradford, J., concur.